**Gary James JOSLIN, Plaintiff-Appellant,**

v.

**SECRETARY OF the DEPARTMENT OF the TREASURY and the United States of America, Defendants-Appellees.**

No. 85–2348.

United States Court of Appeals, Tenth Circuit.

Oct. 28, 1987.

Gary James Joslin, Salt Lake City, Utah, pro se.

Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, and Elaine F. Ferris, Attys., Tax Div., Dept. of Justice, Washington, D.C. (Brent D. Ward, U.S. Atty., of counsel), for defendants-appellees.

Before LOGAN, SEYMOUR, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

Gary James Joslin, an attorney, brought suit under 28 U.S.C. § 2201 in the United States District Court for the District of Utah against the Secretary of the Department of the Treasury and the United States, seeking a declaratory judgment that certain regulations recently promulgated by the Secretary were unconstitutional. On cross-motions for summary judgment, the district court denied Joslin's motion, and granted the Secretary's motion, and dismissed Joslin's action with prejudice. Joslin's motion to reconsider was denied, from which orders Joslin filed a timely notice of appeal.

In its Memorandum Decision and Order, the district court rejected the Secretary's jurisdictional argument, but ruled in favor of the Secretary on the merits, holding that the challenged regulations did not offend the "freedom of speech" provision of the First Amendment, nor were the regulations unconstitutionally vague. *See Joslin v. Secretary of the Department of the Treasury*, 606 F.Supp. 1023 (D.Utah 1985).

At the outset, we are faced with a jurisdictional problem in this court. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part that:

> In a case of *actual controversy* within its jurisdiction, *except with respect to Federal Taxes ...*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought (emphasis added).

In the district court, the Secretary argued that because Joslin sought declaratory relief and because the challenged regulations involve "tax matters," the district court was without subject matter jurisdiction by virtue of the "except with respect

to Federal Taxes" language appearing in 28 U.S.C. § 2201. The district court rejected that particular argument, concluding that 28 U.S.C. § 2201 bars only declaratory relief which is sought "for the purpose of restraining the assessment or collection of any tax."

On appeal, the Secretary again raises the jurisdictional argument, but relies on a different ground. The Secretary does not here contend that the district court lacked jurisdiction because of the "except with respect to Federal Taxes" language appearing in 28 U.S.C. § 2201. Rather, in this court he argues that the district court had no jurisdiction because there was not an "actual controversy" between Joslin and the Secretary, as required by 28 U.S.C. § 2201.

■■■ In his reply brief, Joslin notes that the Secretary's argument in this court was never made to the district court. However, the question of a district court's subject matter jurisdiction may be raised for the first time on appeal. *Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1301 (10th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981). It follows that where jurisdiction was challenged in a trial court on one ground, on appeal it may be challenged on a different ground. Accordingly, in his reply brief, Joslin has addressed the present jurisdictional argument on its merits, and argues, in essence, that he does have an "actual controversy" with the Secretary. We reject Joslin's argument. A brief review of the background facts, none of which is in dispute, will demonstrate that Joslin does not have an "actual controversy" with the Secretary.

■■■ Joslin is a tax attorney in Salt Lake City, Utah and, as a part of his practice, represents clients in proceedings before the Department of the Treasury. Another part of Joslin's practice involves preparing "tax opinions" for promoters of "tax shelter" plans, the promoters using such "tax opinions" in the selling of their "tax shelter" plans to the general public.

In his complaint, Joslin challenges the constitutionality of 31 C.F.R. §§ 10.33, 10.-51, and 10.52. § 10.33 concerns "tax shelter opinions" and provides that "a practitioner who provides a tax shelter opinion analyzing the Federal tax effects of a tax shelter investment shall comply with each of the following requirements: ...." The regulation then lists a number of requirements that must be met.* § 10.51 defines "disreputable conduct," in part and only by way of illustration, as giving a false tax shelter opinion, knowingly, recklessly, or through gross incompetence. § 10.52 provides that a practitioner who violates § 10.33 may, under certain circumstances, be disbarred or suspended from practice before the Internal Revenue Service.

28 U.S.C. § 2201 specifically requires that there be an "actual controversy" between Joslin and the Secretary before Joslin is entitled to declaratory relief. If there is no actual controversy, then the district court has no subject matter jurisdiction. In addition to this statutory requirement, Article III, section 2, clause 1 of the Constitution requires that there be a "case" or "controversy" between Joslin and the Secretary in order for the district court to have jurisdiction. *Public Utilities Commission of California v. United States*, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, *reh'g denied*, 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889 (1937).

Just what constitutes an "actual controversy" within the meaning of 28 U.S.C. § 2201, or a "case" or "controversy" within the meaning of Article III, section 2, clause 1 of the Constitution? It is difficult to lay down a single test that can be applied across the board. Rather, each case seems

---

* By way of illustration, the first requirement is as follows:

"(1) *Factual matters.* (i) The practitioner must make inquiry as to all relevant facts, be satisfied that the material facts are accurately and completely described in the offering materials, and assure that any representations as to future activities are clearly identified, reasonable and complete."

to turn on its own facts. In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed.2d 826 (1941), the Supreme Court spoke as follows:

The question is whether petitioner's allegations are sufficient to entitle it to the declaratory relief prayed in its complaint. This raises the question whether there is an "actual controversy" within the meaning of the Declaratory Judgment Act (Judicial Code § 274d, 28 U.S.C. § 400), since the District Court is without power to grant declaratory relief unless such a controversy exists. *Nashville, C. & St. L. Ry. Co. v. Wallace*, 288 U.S. 249, 259 [53 S.Ct. 345, 346, 77 L.Ed. 730 (1933) ]; U.S.C.A. Constitution, Art. III, § 2.

The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Paraphrasing *Maryland Casualty*, the question here presented is whether Joslin has alleged facts in his complaint which, under all the circumstances, demonstrate that he has a "substantial controversy" with the Secretary, which "controversy" involves "adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." We do not believe that Joslin has met this test.

The gist of Joslin's complaint is that as a tax attorney he has, in the past, prepared legal opinions analyzing the federal tax aspects of tax shelter investment plans which have been used by the promoter of the particular tax shelter plan in his public offering. The implication is that Joslin will in the future continue to prepare such opinions; and that if and when he does, he will

then be subject to the restraints and restrictions of 31 C.F.R. §§ 10.33, 10.51, and 10.52; and that should he violate such restraints and regulations he might be suspended or disbarred from appearing before the Internal Revenue Service. In our view, such does not add up to an "actual controversy" with the Secretary. There are too many "ifs." From the record before us it would appear that Joslin simply read the new regulations and then filed the present action. In fact, the present action was filed *before* the effective date of the regulations which he would challenge! The fact that Joslin may well be a "very concerned and upset tax attorney," as he characterizes himself in his reply brief, does not create an "actual controversy."

In sum, in the words of *Maryland Casualty*, Joslin has not alleged in his complaint "facts" which show a "substantial controversy" with the Secretary involving "adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

In support of our analysis of this matter, see such cases as *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (controversy existed where final FDA regulation which required significant changes in challengers' business practices had a direct and immediate impact; no factual contingencies remained to be resolved); *Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967) (case was not ripe for judicial review where only a generalized challenge was presented, several factual contingencies remained, and denial of judicial relief at this stage would not cause great hardship on parties); *Metzenbaum v. Fed. Energy Regulatory Comm'n*, 675 F.2d 1282 (D.C.Cir.1982) (no controversy was presented in the challenge of a federal statute where the challengers had suffered no injury and future effect of the law was only speculative); *Vorbeck v. Schnicker*, 660 F.2d 1260 (8th Cir.1981) *cert. denied*, 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982) (no controversy was presented where challengers listed examples of inconvenience resulting from enforcement of the challenged regulations, but listed no exam-

ples of activities from which the officers had been deterred or for which they had been exposed to reprimand).

Judgment vacated and case remanded with directions that the district court dismiss the complaint for lack of subject matter jurisdiction.