61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold GRAHAM, Plaintiff-Appellant,
v.
Frank GUNTER, Director of Colorado Correctional Department,
and individually; Robert J. Furlong, Warden and
individually; Richard Marr; Delayne Tornowski; Dale
Kenny; Sgt. Babion; Officer Calloway, Defendants-Appellees.
 No. 95-1096.
 United States Court of Appeals,
Tenth Circuit.
 July 25, 1995.
 
 D.Colorado, D.C. No. 93-B-129.
 AFFIRMED.
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Graham, a state prison inmate and pro se litigant, appeals the grant of an adverse summary judgment. We exercise jurisdiction and affirm the judgment entered in the trial court.
 
 
 3
 Mr. Graham filed a civil rights complaint based upon 42 U.S.C. Sec. 1983. The complaint consists of a lengthy and rambling mass of verbiage. It appears the essence of the complaint is that Mr. Graham, a nonsmoker, is held in segregation, while the prison staff permits smokers to occupy what was his bunk prior to his complaints about being celled with a smoker. Mr. Graham alleges that under prison regulations a nonsmoker has priority over the rights of a smoker, and he argues the prison staff is abusing its power.
 
 
 4
 Defendants, who are various prison officials, moved for summary judgment and supported their motion with extensive evidentiary materials. Mr. Graham responded to this motion.
 
 
 5
 The matter was then referred to the magistrate judge who concluded the evidence showed that Mr. Graham had neither been exposed to toxic fumes (smoke) by the named defendants nor that the named prison authorities acted with deliberate indifference in so exposing Mr. Graham. The magistrate judge issued his report recommending defendants' motion for summary judgment be granted. The trial court considered Mr. Graham's objections to the recommendation, conducted a de novo review, and granted defendants' motion.
 
 
 6
 Mr. Graham appeals the judgment of the trial court asserting "Deliberate indifferAnce [sic] is displayed, inferred, from factual fact, that the defendants were informed, by plaintiff and third party ... that their conduct, acts, actions, was harming, injuring Harold Graham." Mr. Graham's brief is a lengthy diatribe complaining of unfair treatment. The gist of Mr. Graham's unhappiness is that when he complained of being double celled with a smoker, he was removed rather than the smoker. He asserts this action amounted to discrimination against him.
 
 
 7
 Mr. Graham fails to understand the difference between conclusions and facts. An example of a conclusion is the statement: "Defendants poisoned the air." A conclusory statement is not sufficient evidence to defeat a proper motion for summary judgment. Briefly stated, Mr. Graham loses because the facts before the trial court failed to support his conclusory claims. The specific facts before the trial court show Mr. Graham was not entitled to judgment against the named defendants. The law cited to us by Mr. Graham is essentially correct, however, the law cannot be enforced absent a specific showing of the necessary facts. Factual conclusions and general allegations do not win law suits. Additionally we note a prison inmate has no property right to occupy a particular cell.
 
 
 8
 The judgment of the trial court is AFFIRMED for substantially the same reasons set forth in the recommendation of the Magistrate Judge, a copy thereof being attached.
 
 
 9
 The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 10
 Harold Graham, Plaintiff,
 
 
 11
 v.
 
 
 12
 Frank O. Gunter, et al., Defendants.
 
 Civil Action No. 93-B-129
 
 13
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 14
 BORCHERS, United States Magistrate Judge.
 
 
 15
 Plaintiff Harold Graham currently is serving a sentence at the Limon Correctional Facility (LCF). He initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. Sec. 1983, alleging that his rights under the United States Constitution have been violated. He seeks monetary damages, as well as declaratory and injunctive relief. Plaintiff also has filed a motion for appointment of a special prosecutor, a motion for an evidentiary hearing on his motion for a preliminary injunction order, a motion for a preliminary injunction, and a motion for joinder.
 
 
 16
 Pursuant to Rule 72.4 of the Local Rules of Practice of the United States District Court of the District of Colorado, this matter has been referred to Magistrate Judge Richard M. Borchers. Defendants have filed a motion to dismiss or for summary judgment, and Plaintiff has responded to that motion. Because this Court will consider material outside of the pleadings, the motion shall be treated as one for summary judgment. See Fed.R.Civ.P. 12(b). Based upon a review of the case file and the applicable law, a recommendation is made that the motion be granted.
 
 
 17
 Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment:
 
 
 18
 shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, of any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law.
 
 
 19
 Fed.R.Civ.P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); LeFevre v. Space Communications Co., 771 F.2d 421 (10th Cir.1985). In determining whether a movant for summary judgment has satisfied the burden imposed by Rule 56, all reasonable inferences must be drawn in favor of the nonmoving party. Ottenson v. United States, 622 F.2d 516, 519 (10th Cir.1980). When considering a motion for summary judgment and a properly filed response, the Court is entitled to assume that the evidence as set forth by the parties comprises the totality of the evidence which must be considered. Harrison Western Corp. v. Gulf Oil Co., 662 F.2d 690, 692 (10th Cir.1981).
 
 
 20
 Plaintiff's complaint is lengthy, rambling and difficult to understand. In essence, it appears that Plaintiff is alleging that he suffers from chronic respiratory problems. He claims that he was housed with a smoking inmate and that his exposure to second-hand smoke has caused him acute respiratory distress. He also alleges that he has been exposed to other types of toxic fumes, such as paint, ammonia and industrial cleaners, which have exacerbated his medical condition and threaten his life. He claims that this exposure violates his rights under the Eighth Amendment to the United States Constitution.
 
 
 21
 "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain,' or are grossly disproportionate to the severity of the crime. Among 'unnecessary and wanton' infliction of pain are those that are 'totally without penological justification.' " Rhodes v. Chapman, 452 U.S. 337, 346-47 (1981) (citations omitted). Only the "unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 
 22
 In a recent case, the United States Supreme Court has held that, to state a claim under the Eighth Amendment, there must be a showing of deliberate indifference to prison conditions on the part of prison officials. Wilson v. Seiter, --- U.S. ----, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). In Helling v. McKinney, --- U.S. ----, 113 S.Ct. 2475 (1993), the Supreme Court applied Wilson to a situation where an inmate alleged that he was being subjected to cruel and unusual punishment by being subjected to second-hand smoke. The Court held that to make an Eighth Amendment claim an inmate must make a two-part showing: 1) that he was exposed to toxic fumes; and 2) that prison authorities acted with deliberate indifference in so exposing him.
 
 
 23
 Plaintiff here has failed to make either showing. The affidavits attached to Defendants' motion indicate that none of the named Defendants personally exposed Plaintiff to tobacco smoke or any other toxic fumes. Officer Calloway does admit that she smoked a cigarette in Plaintiff's presence, but only after seeking Plaintiff's permission and at a distance of 25 to 30 feet from Plaintiff. (See Exhibit H). It appears from the affidavits that all Defendants were aware of Plaintiff's respiratory problems and made every reasonable effort to accommodate him. The affidavits demonstrate that none of the named Defendants knowingly exposed Plaintiff to harmful fumes and, therefore, were not personally involved in the alleged violations of Plaintiff's constitutional rights. Personal participation is essential in a Sec. 1983 action. Bennett v. Passic, 545 F.2d 1326, 1262-63 (10th Cir.1976).
 
 
 24
 There is some confusion as to whether Plaintiff was exposed to fumes during a floor waxing. Even if he were briefly exposed to these fumes, every effort was made to remove him from the area, and he appears to have suffered no real injury from the incident. Any constitutional violation which occurred was de minimis. De minimis infringements of constitutional rights are not actionable under Sec. 1983. Bell v. Wolfish, 441 U.S. 420, 539 n. 21 (1979).[1]
 
 
 25
 Even if Plaintiff could make the showing that Defendants exposed him to toxic fumes, he could not show that they acted with deliberate indifference in so doing. Defendants never forced Plaintiff to live with a smoker or deliberately exposed him to any other toxic fumes. When Plaintiff was housed with a smoker, he complained and was moved to a single cell for his protection. (See Exhibits F and G to Defendants' motion). Plaintiff complains that when an inmate smokes in any cell, the smoke circulates throughout the facility through the ventilation system, thereby endangering him. This Court is not prepared to conclude that Plaintiff is entitled to nothing less than a completely smoke-free facility. See Clemmons v. Bohannon, 956 F.2d 1523 (10th Cir.1992). Defendants took every reasonable step to protect Plaintiff from harmful fumes. There is absolutely no indication that they acted with deliberate indifference to his respiratory condition.
 
 
 26
 Defendants contend that they are entitled to qualified immunity. Qualified immunity protects a governmental official from liability for discretionary acts performed within the scope of his office. Protection is lost only if it is determined that the official violated a well-settled constitutional right of the plaintiff's of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Because Plaintiff has not presented evidence sufficient to indicate that Defendants violated any of Plaintiff's well-settled constitutional rights, Defendant are entitled to qualified immunity.
 
 
 27
 Plaintiff's punitive damage claims are derivative of his substantive claims. See Smith v. Wade, 461 U.S. 51 (1983). Because there is no basis for the underlying claims, Defendants also are entitled to summary judgment on the punitive damage claims. In addition, Plaintiff has no entitlement to injunctive relief, See Durango Herald v. Riddle, 719 F.Supp. 941, 946 (D.Colo.1988), or to declaratory relief. See Joslin v. Secretary of the Dep't. of the Treasury, 832 F.2d 132, 135 (10th Cir.1987).
 
 
 28
 The Court also notes that Plaintiff's motion for appointment of a special prosecutor is without merit. In addition, because Plaintiff's claim should be denied on the merits, Plaintiff's motion for a preliminary injunction and for a hearing on said motion also should be denied, as Plaintiff can show no likelihood of success on the merits. Finally, Plaintiff's motion for joinder, which appears to be little more than a fishing expedition to discover the names of more LCF employees, also should be denied.
 
 
 29
 IT IS THEREFORE RECOMMENDED that Defendants' motion for summary judgment be granted; and
 
 
 30
 IT IS FURTHER RECOMMENDED that Plaintiff's motion for a preliminary injunction and Plaintiff's motion for a hearing on said motion be denied; and
 
 
 31
 IT IS FURTHER RECOMMENDED that Plaintiff's motion for joinder be denied; and
 
 
 32
 IT IS FURTHER RECOMMENDED that Plaintiff's motion for appointment of a special prosecutor be denied.
 
 
 33
 FURTHER, the parties shall have ten days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed.R.Civ.P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. Sec. 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir.1986).
 
 
 34
 DATED and ENTERED this 6 day of April, 1994.
 
 Harold Graham # 66415
 Colorado Territorial Correctional Facility
 P.O. Box 1010
 Canon City, CO 81215-1010
 Larry D. Tannenbaum
 Senior Assistant Attorney General
 
 35
 1525 Sherman St., 5th Fl.
 
 Denver, CO 80203
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Plaintiff has submitted a document entitled "Supplemental Reply to Counterclaim," in which he complains of an incident in which he was exposed to paint fumes, rendered unconscious, and hospitalized. This incident, however, occurred at the Fremont Correctional Facility, not at LCF. Fremont staff are not parties to this action. The document provides no support for Plaintiff's contention that staff at LCF were deliberately indifferent to his medical needs