**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO JEROME COLBERT,

    Defendant - Appellant.

No. 25-5120
(D.C. No. 4:24-CR-00337-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

A jury found Antonio Colbert guilty on three charges:  possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1); assault with a dangerous weapon with intent to do bodily harm in Indian country, *see id.* § 113(a)(3); and use of a firearm in connection with a crime of violence, *see id.* § 924(c)(1)(A)(iii).  The district court sentenced Mr. Colbert to 191 months' imprisonment.  Mr. Colbert timely filed a notice of appeal.  Counsel has filed a brief, pursuant to *Anders v. California*,

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

386 U.S. 738, 744 (1967), asserting there exist no non-frivolous grounds on which to appeal and has moved to withdraw (Dkt. No. 24).  Mr. Colbert, pro se,[1] filed a response and a supplement thereto.[2]  Having conducted "a full examination of all the proceedings," we agree with counsel and conclude "the case is wholly frivolous."  *Id.*  We therefore grant counsel's motion to withdraw, and we dismiss the appeal.

## BACKGROUND

Officers with the Tulsa Police Department, responding to several 911 calls reporting a possible domestic assault and possible shots fired, traveled to Mingo Road one afternoon in September 2024.  There, they found Mr. Colbert and his girlfriend, CR, next to a Chevy Tahoe with both doors open searching for something in the grass next to the vehicle.  Officers began searching extensively for a firearm. Before the search, one of the officers, who immediately recognized Mr. Colbert from prior encounters, characterized him as a "hider," and stated the search needed to be thorough.  Seventeen minutes elapsed before officers found a Glock pistol between the front passenger seat and center console of the Tahoe and arrested Mr. Colbert, a felon, for possession of the firearm.

A grand jury returned an indictment for being a felon in possession of a firearm, assault with a dangerous weapon with intent to do bodily harm in Indian

---

[1] We liberally construe Mr. Colbert's pro se filings.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] We grant Mr. Colbert's motion to supplement his response to counsel's *Anders* brief (Dkt. No. 34).

country, and using a firearm in connection with a crime of violence. Mr. Colbert moved to suppress the firearm, arguing the police unconstitutionally extended the search of his vehicle after probable cause had dissipated. A magistrate judge issued a report and recommendation (R&R) recommending denial of the motion, to which Mr. Colbert did not object. The district court thereafter accepted the R&R and denied the suppression motion. Before trial, Mr. Colbert stipulated that he was a felon at the time of the alleged offenses.

The government presented ten witnesses at trial, including the arresting officers and an eyewitness who claimed he saw Mr. Colbert pull a gun out of his shorts, point it at CR, and shoot. CR testified for the defense, generally denying the events as the government described them.

A jury returned a guilty verdict on all three counts, and the district court sentenced Mr. Colbert to 191 months' incarceration and 5 years of supervised release. This sentence was within the calculated sentencing range of the United States Sentencing Guidelines according to probation department's presentence investigation report (PSR).

This appeal followed, in which counsel filed an *Anders* brief and Mr. Colbert responded.

**DISCUSSION**

*1. Jurisdiction*

Pointing to *McGirt v. Oklahoma*, 591 U.S. 894, 897–98 (2020), and the Major Crimes Act (MCA), 18 U.S.C. § 1153, Mr. Colbert first asserts the district court

lacked subject matter jurisdiction.  Although Mr. Colbert may advance this argument for the first time on appeal, see *Joslin v. Sec'y of Dep't of Treasury*, 832 F.2d 132, 134 (10th Cir. 1987), we conclude it is frivolous.

The district court had jurisdiction over all three counts under 18 U.S.C. § 3231, which provides:  "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."  The MCA does not change this.  In fact it *expressly* confers *exclusive* federal jurisdiction over the offense of assault with a dangerous weapon with intent to do bodily harm in Indian country, Mr. Colbert's second count of conviction.  *See* § 1153(a) ("Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, . . . a felony assault under section 113 . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing . . . the above offense[], within the exclusive jurisdiction of the United States.").

Mr. Colbert points to, and we are aware of, nothing in *McGirt* that would alter this conclusion.  By recognizing the Creek reservation had not been disestablished, *McGirt* limited the reach of *state* criminal jurisdiction in that reservation, but it did not affect federal criminal jurisdiction.  *See* 591 U.S. at 934 ("When Congress adopted the MCA, it broke many treaty promises that had once allowed tribes like the Creek to try their own members.  But, in return, Congress allowed only the federal government, not the States, to try tribal members for major crimes.  All our decision today does is vindicate that replacement promise."); *see also United States v.*

*Wheeler*, 435 U.S. 313, 331 n.30 (1978) ("Federal jurisdiction . . . extends . . . to crimes over which there is federal jurisdiction regardless of whether an Indian is involved . . . .").

Accordingly, the district court had subject matter jurisdiction over all three charges, and a contrary argument would be frivolous.

### 2. *Motion to suppress*

Mr. Colbert also presses the arguments he made in his motion to suppress the search of his car. *See* Resp. to *Anders* Br. at 9–13 (arguing arresting officers lacked reasonable suspicion to continue search of car); Suppl. Resp. to *Anders* Br. at 2 (challenging "probable cause to continue searching . . . Appellant[']s vehicle"). Counsel's *Anders* brief sets forth in detail why, in counsel's view, an appeal related to the constitutionality of the search would fail. *See Anders* Br. at 9–13.

We need not resolve the merits of the motion to suppress here, though, because, as the district court determined, Mr. Colbert "failed to object to any portion of the [R&R]." R. vol. 1 at 196. This court follows the firm waiver rule, under which "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). So Mr. Colbert waived any appellate challenge to the search, rendering any such challenge frivolous.

### 3. *Sufficiency of the evidence*

The prosecution presented sufficient evidence to support each conviction. In evaluating the sufficiency of the evidence, although we review the issue de novo,

"our restrictive standard of review for a sufficiency of the evidence question provides us with very little leeway." *United States v. Sells*, 477 F.3d 1226, 1235 (10th Cir. 2007) (internal quotation marks omitted.). "[O]ur role is limited to determining whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." *United States v. Summers*, 414 F.3d 1287, 1293–94 (10th Cir. 2005) (internal quotation marks omitted).

Evidence supporting Mr. Colbert's conviction included the testimony of the officers who searched his vehicle and found the Glock pistol, testimony of the eyewitness who saw Mr. Colbert pull the pistol out of his shorts and shoot it at CR, and Mr. Colbert's stipulation that he was a felon prohibited from possessing a firearm. "[V]iew[ing] the facts in evidence in the light most favorable to the government," *id.* at 1293, as we must, we easily conclude a reasonable jury could find guilt beyond a reasonable doubt on each count, so any challenge to the sufficiency of the evidence would be frivolous.

*4. Sentencing*

Mr. Colbert offers no arguable basis to conclude his sentence was procedurally or substantively unreasonable. In reviewing a sentence, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

6

sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). We review a sentence's substantive reasonableness for abuse of discretion. *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019). And, "we presume that a sentence within the properly calculated [G]uidelines range is reasonable." *Id.*

The district court in this case properly calculated a Guidelines range of 57 to 71 months on counts one and two and the statutory sentence of 120 months on count three. Its resulting sentence—191 months—is within this range, so we presume it is reasonable. *See id.* The court did not fail to properly calculate the Guideline range. The PSR calculated a range of 57 to 71 months on counts 1 and 2 and the statutorily prescribed sentence of 120 months on count 3. Mr. Colbert objected to one aspect of this calculation—a two-level enhancement for obstruction of justice based on a pair of jailhouse phone calls in which he encouraged CR to have the other witnesses recant their accounts of the events—but the district court reasonably overruled the objection because attempting to dissuade witnesses from testifying truthfully is obstructive of justice even without intimidation. Nor is there any indication in the record that the court treated the Guidelines as mandatory. In fact, the court expressly recognized they were not. And the court explained its sentence in light of the § 3553(a) factors without relying on any clearly erroneous facts. *See* R. vol. 4 at 383.

We therefore agree with counsel that any appeal of the sentence in this case would be frivolous.

## CONCLUSION

We grant counsel's motion to withdraw (Dkt. No. 24), grant Mr. Colbert's motion to supplement his response to counsel's *Anders* brief (Dkt. No. 34), and dismiss this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge