Simplicio D. MINDANA, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

**No. 92–3073.**

United States Court of Appeals,
Federal Circuit.

Feb. 5, 1993.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and John K. Lapiana, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, were on the motion to reform caption.

Mary L. Jennings, Acting Gen. Counsel, David C. Kane, Asst. General Counsel and Calvin M. Morrow, Atty., Merit Systems Protection Bd., of Washington, DC, file opinion to the Office of Personnel Management's motion to reform caption. Sara B. Rearden, Atty., Merit Systems Protection Bd., of Washington, DC, filed a supplement to the opposition.

PLAGER, Circuit Judge.

### ORDER

The Office of Personnel Management (OPM) moves to reform the caption to designate itself as respondent. The Merit System Protection Board opposes.

The court previously stayed proceedings in this case pending a decision in a case with a related caption issue. *See Spruill v. Merit Sys. Protection Bd.,* 978 F.2d 679 (Fed.Cir.1992). *Spruill* has now been decided. Accordingly, this pending motion is ready for consideration.

Simplicio D. Mindana sought an annuity for military service and service as a construction laborer. At the Board, the Administrative Judge (AJ) dismissed the appeal and forwarded the case to OPM to issue a decision regarding Mindana's service as a construction laborer. The AJ concluded that res judicata barred the Board from considering Mindana's claim for credit towards an annuity due to his military service, as the Board had already decided this issue in 1989. As to his service as a construction laborer, the AJ determined that the Board was without jurisdiction because OPM had not issued a final decision regarding that service. Mindana petitioned this court for review. The Board was designated the respondent.

In its initial motion filed before *Spruill* was decided, OPM argued that it should be the respondent because the code section that designates the Board as the respondent in certain petitions for review does not apply here. In its post-*Spruill* submission, OPM states that it is unclear whether the analysis in *Spruill* applies to OPM benefits cases.

The statute provides that:

[t]he Board shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision on the merits of the underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking the personnel action shall be the respondent.

5 U.S.C. § 7703(a)(2) (1988). OPM states that because this proceeding is not brought pursuant to 5 U.S.C. § 7703(a), subsection 7703(a)(2) does not require that the court designate the Board as the respondent.

*Spruill* involved a federal employee who alleged he had engaged in protected "whistleblower" activity. The court concluded that, although the petition for review may not have arisen under 5 U.S.C. § 7703(a), we would in any event apply the rule set forth in *Hopkins v. Merit Sys. Protection Bd.,* 725 F.2d 1368 (Fed.Cir.1984) and *Amin v. Merit Sys. Protection Bd.,* 951 F.2d 1247 (Fed.Cir.1991) to determine the

identity of the proper respondent in a petition for review from the Board. We see no reason why the same analysis should not apply to OPM benefits cases.

In *Spruill,* the court stated:

If the issue on appeal is solely one of the procedure or jurisdiction of the MSPB, then the proper respondent is the MSPB. If the issue is solely the merits of the underlying agency action, the agency is the proper respondent. If the case raises a mixture of these issues ... *Amin* teaches that the employing agency is the proper respondent.

*Spruill,* 978 F.2d at 686. In this case, Mindana presented both a merits issue (his entitlement to credit for his military service, decided against him because of issue preclusion) and a jurisdictional issue. Under *Spruill,* OPM is the proper party respondent.

Accordingly,

IT IS ORDERED THAT:

(1) The stay of proceedings is lifted.

(2) OPM's motion to reform the caption is granted. The revised official caption is reflected above.