Brent E. TESH, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, John E. Potter, Postmaster General, USPS, the U.S. Merit Systems Protection Board, Defendants.

No. 01–CV–0099–EA(J).

United States District Court, N.D. Oklahoma.

March 26, 2002.

David W. Davis, Davis, Champ & Assoc., Tulsa, OK, for Plaintiff.

Brent E. Tesh, Broken Arrow, OK, Pro Se.

Cathryn Dawn McClanahan, U.S. Attorney, Tulsa, OK, C. Denean Avery, U.S. Postal Service, SW Area Law Dept., Dallas, TX, for Defendants.

### ORDER

EAGAN, District Judge.

This matter comes before the Court on the Report and Recommendation (Dkt.# 78) of the United States Magistrate Judge with respect to Defendant's Motion to Dismiss Improper Party Defendants (Dkt.# 30–1). Plaintiff filed timely objections pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b). Accordingly, the Court has conducted a *de novo* review of the issues.

Magistrate Judge Sam A. Joyner recommended that the motion be granted in part and denied in part. The magistrate judge specifically recommended that the following claims be dismissed:

1. Plaintiffs' wrongful discharge tort claim under Oklahoma law;

2. Plaintiff's claim under the Americans with Disabilities Act;

3. Plaintiff's claim under the Rehabilitation Act of 1973 to the extent it is asserted against the Merit Systems Protection Board ("MSPB") and the United States Postal Service ("USPS"); and

4. Plaintiff's claim for review of the MSPB's final order to the extent it is asserted against the Postmaster General and MSPB.

If the Report and Recommendation is adopted, the only remaining claims would be (a) plaintiff's claim under the Rehabilitation Act of 1973 against the Postmaster General; and (b) plaintiff's claim for review of the MSPB's final order against USPS. Further, it would be proper to dismiss the MSPB as a party from the litigation, as there would be no claims left against MSPB.

None of plaintiff's "objections" challenges the magistrate judge's legal analysis or conclusions. Instead, they reflect nothing more than plaintiff's disagreement with the magistrate judge's recitation of plaintiff's allegations in the Amended Complaint. The magistrate judge's recitation of plaintiff's allegations provide the context in which plaintiff's cause of action arose and preface the legal analysis of defendants' motion. Plaintiff's quibble with the magistrate judge's statement that plaintiff was injured when he tripped over a curb while he was at the Northeast station, for instance, while plaintiff now contends that he was at the Eastside station, is immaterial to the ultimate resolution of the issues raised by the motion to dismiss. Hence, plaintiff's objections provide no legitimate reason for the Court to "reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions," Fed. R.Civ.P. 72(b), and the Court finds no such reason based on its review. The legal analysis and conclusions set forth in the Report and Recommendation are sound.

Based upon a careful review of the Report and Recommendation of the magistrate judge and the objections of the plaintiff, the Court finds that the Report and Recommendation (Dkt.# 78) should be **ADOPTED.** The objection of the plaintiff (Dkt.# 91) is **OVERRULED.** Defendant's Motion to Dismiss Improper Party Defendants (Dkt.# 30–1) is **GRANTED in part and DENIED in part.** Plaintiff's wrongful discharge tort claims under Oklahoma law and plaintiff's claims under the Americans with Disabilities Act are dismissed. Plaintiff's claim under the Rehabilitation Act of 1973 is dismissed to the extent it is asserted against the MSPB and the USPS. Plaintiff's claim for review of

the MSPB's final order is dismissed to the extent it is asserted against the Postmaster General and the MSPB. The MSPB is dismissed with prejudice as a party from the litigation. The only remaining claims are plaintiff's claim under the Rehabilitation Act of 1973 against the Postmaster General and plaintiff's claim for review of the MSPB's final order against the USPS.

## *REPORT AND RECOMMENDATION*

JOYNER, United States Magistrate Judge.

Now before the Court is Defendants' motion to dismiss all defendants except John E. Potter in his capacity as Postmaster General of the United States Postal Service ("USPS"). [Doc. No. 30–1]. The motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636. Having reviewed the parties' submissions (doc. nos. 30, 34 and 44), the undersigned hereby recommends that Defendants' motion to dismiss be **GRANTED IN PART AND DENIED IN PART.**

## I. INTRODUCTION

Plaintiff alleges that in November 1992 he began working as a letter carrier for USPS at the northeast station in Tulsa, Oklahoma. Plaintiff alleges that in September 1996, he was chased by a dog while delivering mail. While running from the dog, Plaintiff alleges that he injured both of his knees; resulting in left knee surgery in January 1997. Plaintiff alleges that he remained under a doctor's care until he reached maximum medical improvement and was released in April 1997. Plaintiff also alleges that he re-injured his right knee when he tripped over a curb in the parking lot at the northeast station in October 1997. Plaintiff further alleges that he is limited by hypertension and Type II, poorly controlled diabetes.

Plaintiff alleges that USPS conducted a medical evaluation of him in June 1997 and, based on that review, offered him a permanent rehabilitation position as a "modified city carrier" at the main post office in Tulsa, working from 6:30 p.m. to 3:00 a.m. Plaintiff alleges that he declined this position because it would have required him to perform work in excess of the restrictions placed on him by his treating doctors. Plaintiff alleges that he requested USPS to accommodate him by placing him back at the northeast station, which had appropriate seating and parking for handicapped employees. According to Plaintiff, USPS refused his request for accommodation and transferred him to the main post office to work the 6:30 p.m. to 3:00 a.m. shift.

Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") in either June or August 1998 (the Amended Complaint mentions both dates). In October 1999, Plaintiff's EEOC claim was transferred to the United States Merit Systems Protection Board ("MSPB"). Plaintiff charged USPS with discrimination based on his disability. Specifically, Plaintiff alleges that USPS discriminated against him by removing him from his job at the northeast station and placing him on a midnight shift at the main post office. Plaintiff also alleges without any detail that he was denied promotions as a result of his disability. Plaintiff alleges that in January 2001 MSPB issued its final order denying his claim.

Plaintiff has brought the following four causes of action against Defendants:

1. Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112;

2. Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 [Rehabilitation Act section 501];

3. An action for review of the MSPB's final order under 5 U.S.C. § 7703; and

4. An action in tort under Oklahoma law for wrongful discharge in violation of public policy. *See Burk v. K–Mart,* 770 P.2d 24 (Okla.1989).

Plaintiff has sued the following three defendants on each of these claims:

1. The United States Postal Service;

2. John E. Potter as Postmaster General of USPS, having replaced William J. Henderson as Postmaster General on June 1, 2001. *See* Fed. R.Civ.P. 25(d)(1); and

3. The United States Merit Systems Protection Board.

Defendants argue that Mr. Potter, as Postmaster General, is the only proper party on the claims pled by Plaintiff, and that USPS and MSPB should be dismissed as parties.

## II. DEFENDANTS' HAVE NOT WAIVED THE DEFENSES PRESENTED IN THEIR MOTION TO DISMISS.

Plaintiff argues that Defendants' post-answer motion to dismiss is untimely. As the basis for his waiver argument, Plaintiff points to Fed.R.Civ.P. 12(h). However, in light of the express language of Rule 12(h), Plaintiff's waiver argument is frivolous.

Rule 12(h) provides as follows:

Waiver or Preservation of Certain Defenses.

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Fed.R.Civ.P. 12(h). Rule 12(h) creates three rules applicable to three distinct sets of defenses which can be raised under Rule 12(b). None of these rules, however, effect a waiver under the facts of this case.

The exact basis under Rule 12(h) for Plaintiff's argument is unclear. At one point, Plaintiff suggests that Defendants' motion to dismiss is raising a "lack of capacity to be sued" under Rule 19. Doc. No. 34, p. 2. Rule 19, however deals with necessary and indispensable parties, while Rule 17(b) deals with capacity to sue or be sued. If Plaintiff was intending to characterize Defendants' motion to dismiss as a motion raising a Rule 19 objection, Rule 12(h)(2) specifically provides that a motion under Rule 19 may be brought at any time up to trial. Defendants' motion would, therefore, be timely.

If Plaintiff was intending to characterize Defendants' motion to dismiss as raising a Rule 17 objection, Rule 9 of the Federal Rules of Civil Procedure provides that the defense of lack of capacity to sue must be raised "by specific negative averment." *Summers v. Interstate Tractor & Equipment Co.,* 466 F.2d 42, 49–50 (9th Cir. 1972). Thus, the pleading requirements

for capacity correspond to those for personal jurisdiction. Consequently, courts have held that the waiver rule for a capacity defense parallels the rule embodied in Rule 12(h)(1) for a personal jurisdiction defense. *See Swaim v. Moltan Co.,* 73 F.3d 711, 718 (7th Cir.1996); *Morgan Guaranty Trust Co. of New York v. Blum,* 649 F.2d 342, 345 (5th Cir.1981); *Young v. Pattridge,* 40 F.R.D. 376, 379 (N.D.Miss. 1966); and 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d,* § 1559, pp. 441–43 (1990).

■ Rule 12(h)(1) states that a personal jurisdiction defense must be asserted in a pre-answer motion, if one is made, or pled in the answer, if no pre-answer motion is filed. Rule 12(h)(1) does not, as Plaintiff argues, require the filing of a pre-answer motion to preserve any of the defenses listed in the rule. Rather the defenses listed in Rule 12(h)(1), such as lack of personal jurisdiction, must be asserted either in a pre-answer motion or in the answer.

In this case, Defendants did not file a pre-answer motion to dismiss. Rather, they asserted the following as affirmative defenses in their answer: "[t]he doctrine of sovereign immunity bars Plaintiff's claim;" "Plaintiff has failed to properly name and/or serve the proper Defendants;" and "Plaintiff has failed to properly and timely plead appropriate jurisdiction." Doc. No. 9, Seventh, Ninth and Thirteenth Affirmative Defenses. These defenses fairly encompass all of the arguments raised in Defendants' motion to dismiss. Defendants have not, therefore, waived any of the defenses raised in its motion to dismiss, even if the motion, as characterized by Plaintiff, raises a capacity defenses under Rule 17 or a personal jurisdiction defense under Rule 12(b)(2).

■ The undersigned finds that, regardless of how Plaintiff characterizes Defendants' motion, Defendants' motion is properly characterized as a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendants, all agents or instrumentalities of the United States, are raising the defense of sovereign immunity. "The immunity of a truly independent sovereign from suit in its own courts has been enjoyed as a matter of absolute right for centuries. Only the sovereign's own consent could qualify the absolute character of that immunity...." *Nevada v. Hall,* 440 U.S. 410, 414, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979). Thus, no sovereign may be sued in its own courts without its consent. *Alden v. Maine,* 527 U.S. 706, 738, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Defendants' argument is that as to the claims asserted by Plaintiff, the United States has only consented to suit against Mr. Potter and none of the other defendants. Defendants are, therefore, as they explicitly state in their reply brief, asserting a sovereign immunity argument.

■ The defense of sovereign immunity implicates the Court's subject matter jurisdiction. *E.F.W. v. St. Stephen's Indian High School,* 264 F.3d 1297, 1302 (10th Cir.2001). Because subject matter jurisdiction cannot be waived, or conferred by agreement of the parties, a federal court's subject matter jurisdiction may be raised at any point; even for the first time on appeal. Defendants' motion to dismiss is, therefore, controlled by the waiver rule in Rule 12(h)(3), which provides that challenges to the Court's subject matter jurisdiction may be raised at any time. *See also Oklahoma City Associates v. Wal-Mart Stores, Inc.,* 923 F.2d 791, 794 (10th Cir.1991); and *Joslin v. Secretary of Dept. of Treasury,* 832 F.2d 132, 134 (10th Cir. 1987). Defendants' motion to dismiss is, therefore, timely.

### III. MR. POTTER IS THE ONLY PROPER DEFENDANT ON PLAINTIFF'S REHABILITATION ACT CLAIM.

Plaintiff brings a claim under section 501 of the Rehabilitation Act of 1973, which deals with disability discrimination in federal government employment and requires federal agencies to affirmatively act to employ disabled individuals. *See* 29 U.S.C. § 791. *See also Williams v. Widnall*, 79 F.3d 1003, 1005 (10th Cir.1996); and *Wells v. Shalala*, 228 F.3d 1137, 1142 (10th Cir.2000). Section 501 requires coordination by federal agencies regarding the employment of persons with disabilities. While section 501 does not explicitly prohibit federal agencies from engaging in employment discrimination based on one's disability, the EEOC has adopted regulations pursuant to section 501 which do exactly that. *See* 29 C.F.R. § 1614.203(b). Specifically, these regulations state that a federal "agency shall not discriminate against a qualified individual with physical or mental handicaps." *Id.*

 The Rehabilitation Act was amended in 1978 to add section 504(a)(1), which allows private litigants to enforce their rights under section 501 by bringing

a lawsuit and employing the "remedies, procedures, and rights set forth in" section 717 of the Civil Rights Act of 1964 (i.e., 42 U.S.C. § 2000e–16). *See* 29 U.S.C. § 794a(a)(1).[1] *See generally Redd v. Summers*, 232 F.3d 933, 936–37 (D.C.Cir.2000) (discussing the Rehabilitation Act's evolution). Thus, the procedural requirements for a Title VII discrimination claim (e.g., 42 U.S.C. § 2000e–16) are applicable to claims brought under section 501 of the Rehabilitation Act. *Brezovski v. USPS*, 905 F.2d 334, 335 n. 2 (10th Cir.1990). Pursuant to 42 U.S.C. § 2000e–16(c), an action under Title VII against the United States may only be brought against the head of the federal department, agency, or unit involved. Thus, in a case under Title VII or section 501 of the Rehabilitation Act against the USPS, the United States Postmaster General is the only proper defendant. *Brezovski*, 905 F.2d at 335 n. 2.[2]

### IV. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE ADA.

Title I of the ADA prohibits "covered entities" from discriminating against qualified individuals with a disability. 42 U.S.C. § 12112(a).[3] The ADA defines the

---

**1.** Congress amended the Rehabilitation Act again in 1992 to specify that the standards used to judge "nonaffirmative action employment discrimination" under section 501 "shall be the standards applied under" the Americans with Disabilities Act of 1990. *See* 29 U.S.C. § 791(g). To qualify for relief under sections 501 and 504 of the Rehabilitation Act, which applies ADA standards to federal-agency employment discrimination, a plaintiff must demonstrate that "(1) he is a disabled person within the meaning of the law, (2) he is qualified for the job, and (3) he was discriminated against because of his disability." *Wells*, 228 F.3d at 1144.

**2.** *See also Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir.1993) (applying Title VII's procedural requirements to claims under section 501 of the Rehabilitation Act); and *Johnson v.*

*United States Postal Service*, 861 F.2d 1475, 1477–78 (10th Cir.1989) (holding that Postmaster General is the only proper party in a suit against USPS under section 501 of the Rehabilitation Act).

**3.** The ADA consists of different titles. Title I prohibits discrimination by a "covered entity" against "a qualified individual with a disability because of the disability" in all terms, conditions and privileges of employment. 42 U.S.C. § 12112(a). Title II prohibits a "public entity" from discriminating against "a qualified individual with a disability" because of the disability in all "services, programs or activities of ... [the] public entity." 42 U.S.C. § 12133. Plaintiff has purported to bring a claim under Title I (i.e., § 12112), not Title II.

term "covered entity" to mean "an employer, employment agency, labor organization, or joint labor-management committee." *Id.* at § 12111(2). The ADA goes on to define an "employer" generally as "a person engaged in an industry affecting commerce who has 15 or more employees . . . ." *Id.* at § 12111(5)(A). The ADA specifically provides, however, that the term "employer" does not include "the United States [or] a corporation wholly owned by the government of the United States . . . ." *Id.* at § 12111(5)(B).

USPS is "[a]n independent establishment of the Executive Branch of the government of the United States . . . ." 39 U.S.C. § 201. Thus, USPS is not a "covered entity" under the ADA and it is not bound by the ADA's requirements. Section 501 of the Rehabilitation Act "is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap." *Johnson v. United States Postal Service,* 861 F.2d 1475, 1477 (10th Cir.1989) (quoting *Boyd v. United States Postal Service,* 752 F.2d 410, 413 (9th Cir.1985)). *See also Spence v. Straw,* 54 F.3d 196, 197 (3d Cir.1995) (holding that suit under the Rehabilitation Act of 1973 "is the exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination"); *Bennett v. Henderson,* 15 F.Supp.2d 1097, 1103 (D.Kan.1998) (same); and 29 C.F.R. § 1614.103(b)(3).[4]

**V. USPS IS THE ONLY PROPER DEFENDANT ON PLAINTIFF'S CLAIM FOR REVIEW OF MSPB'S FINAL ORDER.**

Plaintiff seeks review of a final order issued by MSPB, a copy of which is attached to Plaintiff's amended complaint. Judicial review of decisions of the MSPB is provided for in 5 U.S.C. § 7703.

With regard to the correct defendant in an action for review under § 7703, the statute provides as follows:

> [MSPB] shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision on the merits on the underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking the personnel action shall be the respondent.

5 U.S.C. § 7703(a)(2). The Federal Circuit[5] has interpreted this language as follows:

> If the issue on appeal is solely one of the procedure or jurisdiction of the MSPB, then the proper respondent is the MSPB. If the issue is solely the merits of the underlying agency action, the agency is the proper respondent. If the case raises a mixture of these issues . . . the employing agency is the proper respondent.

*Spruill v. Merit Systems Protection Bd.,* 978 F.2d 679, 686 (Fed.Cir.1992). *See also*

---

**4.** While USPS is not directly bound by the ADA, it is indirectly bound by the ADA through section 501 of the Rehabilitation Act, which incorporates provisions of the ADA. *See* 29 U.S.C. §§ 791(g) and 794(d).

**5.** Except in employment discrimination cases such as this one, the United States Court of

Appeals for the Federal Circuit has exclusive jurisdiction over appeals from MSPB. *See* 5 U.S.C. § 7703(b). Consequently, decisions from the Federal Circuit regarding the procedural requirements of judicial review under § 7703 are highly persuasive.

*Mindana v. Office of Personnel Management*, 985 F.2d 1070, 1072 (Fed.Cir.1993) (same; quoting *Spruill*); and *Amin v. Merit Systems Protection Bd.*, 951 F.2d 1247, 1251–52 (Fed.Cir.1991) (discussing history and purpose of the current procedure/merits dichotomy in § 7703(a)(2)).

The parties do not directly address the nature of Plaintiff's request for review of MSPB's final order. In his amended complaint, Plaintiff alleges that he seeks review of MSPB's order because it was "decided contrary to fact and/or law and should be reversed, stricken, vacated and held for nought [sic] ...." Doc. No. 5, ¶ 37. While this allegation is itself vague, it appears that Plaintiff's attack on MSPB's order is not one directed solely at the "procedure or jurisdiction" of MSPB. Consequently, USPS and not MSPB is the proper party defendant under § 7703(a)(2).

Unlike 42 U.S.C. § 2000e–16(c), which refers to the "head" of the agency as the proper party defendant, 5 U.S.C. § 7703(a)(2) merely refers to the "agency" as the proper party defendant. Use of the word "agency" in subsection (a)(2) of § 7703 is made somewhat ambiguous by subsection (b)(2) of § 7703 which suggests that discrimination cases like this one "be filed under" § 2000e–16(c). It is, therefore, unclear whether § 2000e–16(c)'s procedural requirements, including its requirement that the agency head be the named party, apply in actions to review MSPB orders under § 7703(a)(2). USPS has not attempted to harmonize these provisions for the Court. The undersigned will, therefore, apply the clear language of § 7703(a)(2), which permits Plaintiff's claim for review of MSPB's final order in this case to be brought against the agency responsible for taking the personnel actions at issue—USPS.

## VI. THE PARTIES HAVE IGNORED PLAINTIFF'S *BURK V. K–MART* WRONGFUL DISCHARGE TORT CLAIM UNDER OKLAHOMA LAW.

Relying on the Oklahoma Supreme Court's decision in *Burk v. K–Mart*, Plaintiff asserts a wrongful discharge claim against all Defendants. With their motion to dismiss, USPS and MSPB seek to be dismissed totally from this lawsuit. They do not, however, address Plaintiff's *Burk* claim. Nevertheless, because the undersigned believes that the Court lacks subject matter jurisdiction over Plaintiff's *Burk* claim, the undersigned address the issue *sua sponte*. *Hines v. United States*, 971 F.2d 506, 508 (10th Cir.1992) (holding that "a court must raise a defense *sua sponte* if that defense implicates the court's subject matter jurisdiction"). *See also* Fed.R.Civ.P. 12(h)(3).

 The wrongful discharge claim recognized by the Oklahoma Supreme Court in *Burk* is, as Plaintiff alleges in his amended complaint, a tort claim. As the Oklahoma Supreme Court explained in *Burk*:

> It is well settled in Oklahoma a tort may arise in the course of the performance of a contract and that tort may then be the basis for recovery even though it is the contract that creates the relationship between the parties. An employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations.

*Burk*, 770 P.2d at 28 (footnotes omitted).

Plaintiff asserts his *Burk* claim in Count IV of his amended complaint. Count IV vaguely refers to all "Defendants." The tort claim established by the Oklahoma Supreme Court in *Burk* can, however, only be asserted against an employer. *Burk*, 770 P.2d at 28. It is only the employer

who can breach the duty identified by the Oklahoma Supreme Court in *Burk.* MSPB is not Plaintiff's employer. Thus, Plaintiff's *Burk* claim is not cognizable against MSPB. Plaintiff has also named the United States Postmaster General as a defendant to which his *Burk* claim could apply. The Postmaster General has, however, only been sued in his official capacity, not his individual capacity. Thus, a tort claim against the Postmaster General in his official capacity is a tort claim against USPS, the federal agency which he heads. Plaintiff is, therefore, attempting to assert a tort claim against USPS. There are numerous problems with Plaintiff's attempt to do so.

■ The Oklahoma Supreme Court has specifically precluded a *Burk* claim under the circumstances presented by this case. Specifically, the Oklahoma Supreme Court has held that when an employer discharges a terminable-at-will employee based on the employee's status and the reason for the discharge violates Oklahoma's clear and compelling public policy, but the employee has an adequate federal statutory remedy for the wrongful discharge, the employee may not also bring a tort claim under *Burk v. K–Mart* for wrongful discharge in violation of Oklahoma's public policy. *Clinton v. State of Oklahoma,* 29 P.3d 543, 544–45 (Okla. 2001). The Oklahoma Supreme Court explained the reason for its holding as follows:

> When a statutory remedy adequately accomplishes the goal of protecting Oklahoma public policy, a common law remedy is not needed. While a federal statute cannot by itself serve as a statement of Oklahoma policy, a federal statutory remedy may be as effective as an Oklahoma statutory remedy in dissuading employers from discharging employees for reasons that violate Oklahoma public policy. Accordingly, we hold the exis-

tence of a federal statutory remedy that is sufficient to protect Oklahoma public policy precludes the creation of an independent common law claim based on a public policy exception to the employment-at-will doctrine.

*Id.* at 546. Plaintiff has a federal statutory remedy under the Rehabilitation Act which adequately protects any policy Oklahoma has against handicap discrimination. *See, e.g.,* 25 Okla. Stat. § 1101, the Oklahoma Anti–Discrimination Act. Plaintiff is, therefore, precluded from asserting a *Burk* claim in this case and has failed to state a claim for which relief can be granted under Oklahoma law. Plaintiff's *Burk* claim would, therefore, be subject to dismissal under Rule 12(b)(6), had the issue been raised by USPS.

■ Even if Plaintiff could assert a *Burk* tort claim in this case, his attempt to do so would be controlled by the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. Tort claims against the USPS are covered by the FTCA. *Global Mail Ltd. v. United States Postal Service,* 142 F.3d 208, 211 (4th Cir.1998); *Davric Maine Corp. v. United States Postal Service,* 238 F.3d 58, 62–64 (1st Cir.2001). It is well-settled that all suits brought under the FTCA must be brought against the United States. *Vernell for and on Behalf of Vernell v. United States Postal Service,* 819 F.2d 108, 109 (5th Cir.1987); 28 U.S.C. § 2674. A plaintiff cannot bring an FTCA suit against a particular federal agency. *See, e.g.,* numerous cases cited under annotation 31 to 28 U.S.C. § 2679. USPS is, therefore, not the proper party defendant on Plaintiff's *Burk* tort claim, and Plaintiff has not sued the United States.

The FTCA imposes numerous procedural and jurisdictional requirements before a tort claim may be brought against the United States. The Tenth Circuit has summarized those requirements as follows:

Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three–M Enterprises, Inc. v. United States,* 548 F.2d 293, 294 (10th Cir.1977). A tort claim against the United States is barred unless it is presented to the proper agency within two years of its accrual and suit is commenced within six months of notice of the claim's denial by the agency. 28 U.S.C. § 2401(b); *Casias v. United States,* 532 F.2d 1339, 1341 (10th Cir. 1976). A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma,* 892 F.2d 1457, 1463 (10th Cir.1989); *see also Bradley v. United States,* 951 F.2d 268, 270 (10th Cir.1991). A plaintiff's claim that administrative remedies were not pursued because pursuit would have been futile does not excuse this jurisdictional requirement. *Nero,* 892 F.2d at 1463.

*Industrial Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 967 (10th Cir.1994) (footnotes omitted).

 Federal courts are courts of limited jurisdiction and require a statutory basis for jurisdiction. *Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir.1994). Plaintiff bears the burden of invoking this Court's subject matter jurisdiction, and the basis for this Court's subject matter jurisdiction must appear on the face of Plaintiff's well-pled complaint. Fed.R.Civ.P. 8(a)(1); *Martinez v. United States Olympic Committee,* 802 F.2d 1275, 1280 (10th Cir.1986); *Penteco Corp. Ltd. Partnership—1985A v. Union Gas System, Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991). In particular, because presentment of an administrative claim is a jurisdictional requirement under the FTCA, a plaintiff asserting a claim covered by the FTCA must plead those facts in his complaint. *Sanchez v. United States,* 49 F.3d 1329–30 (8th Cir.1995). Complaints which fail to affirmatively allege a basis for the Court's subject matter jurisdiction are subject to dismissal under Fed.R.Civ.P. 12(b)(1).

There are no allegations in Plaintiff's complaint that he submitted an administrative claim, pursuant to the FTCA, much less an administrative claim requesting a sum certain. *See Kendall v. Watkins,* 998 F.2d 848, 852 (10th Cir.1993) (holding that an administrative claim not stating a sum certain is not adequate under the FTCA). Plaintiff has, therefore, failed to allege facts sufficient to establish this Court's subject matter jurisdiction over his *Burk* tort claim. Plaintiff's claim is, therefore, subject to dismissal under Rule 12(b)(1). *See Holt v. United States,* 46 F.3d 1000, 1002–1003 (10th Cir.1995) (describing procedure to be followed under Rule 12(b)(1)).

### RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Defendant's motion to dismiss be **GRANTED IN PART AND DENIED IN PART.** [Doc. No. 30–1]. The undersigned recommends that the following claims be dismissed:

1. Plaintiff's wrongful discharge tort claim under Oklahoma law;

2. Plaintiff's claim under the Americans with Disabilities Act;

3. Plaintiff's claim under the Rehabilitation Act of 1973 to the extent it is asserted against MSPB and USPS; the Postmaster General is the only proper party on this claim; and

4. Plaintiff's claim for review of the Merit Systems Protection Board's final order to the extent it is asserted against the Postmaster General and MSPB; USPS is the only proper party on this claim.

Thus, the only claims remaining in this case are:

1. Plaintiff's claim under the Rehabilitation Act of 1973 against the Postmaster General; and

2. Plaintiff's claim for review of the Merit Systems Protection Board's final order against USPS.

MSPB should, therefore, be dismissed as a party from this litigation, there being no remaining claims left against MSPB.

### *OBJECTIONS*

In accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed.R.Civ.P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir.1996) (quoting *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Haney v. Addison,* 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse,* 91 F.3d 1411 (10th Cir.1996).

Dated this 21st day of February 2002.