Josephine A. ANDES, Appellant,

v.

Theodore R. KNOX, Appellee.

No. 89–2057.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1990.

Decided May 31, 1990.

Rehearing and Rehearing En Banc July 11, 1990.

William H. Pickett, Kansas City, Mo., for appellant.

Michael P. Joyce, Kansas City, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and DUMBAULD,* Senior District Judge.

WOLLMAN, Circuit Judge.

Josephine A. Andes appeals the district court's[1] grant of summary judgment in favor of Theodore R. Knox in her action for damages for illegal wiretapping. We affirm.

I.

In 1984, Andes and her former husband, John W. Frick, were in the process of dissolving their marriage. During this time, Knox and Leslie E. Albin, apparently private investigators hired by Frick, installed electronic wiretapping devices on the telephone lines leading to and inside Andes' residence with which to record Andes' private telephone conversations. Andes discovered the wiretapping in December 1984. In December 1987, Albin pleaded guilty to wiretapping. Until the time of Albin's guilty plea, Andes believed that it was Frick who had wiretapped her residence.

On November 22, 1988, Andes brought suit against Albin and Knox pursuant to 18 U.S.C. § 2520, which provides a civil cause

---

* The HONORABLE EDWARD DUMBAULD, United States Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

of action against those who intercept oral communications.[2] Knox filed a motion for judgment on the pleadings. Treating the motion as one for summary judgment, the district court granted summary judgment in favor of Knox, finding that the statute of limitations in 18 U.S.C. § 2520(e) had run, barring Andes' cause of action. Andes appeals.

## II.

Section 2520(e), enacted in 1986, provides that "[a] civil action under [section 2520] may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." Prior to 1986, section 2520 had no limitations provision.

We do not agree with Andes' contention that the limitations period should run from the date of Albin's plea agreement in 1987. Under section 2520(e), the cause of action accrues when the claimant has a reasonable opportunity to discover the violation, not when she discovers the true identity of the violator or all of the violators. We agree with the district court that there is no material issue of fact concerning when Andes discovered the violation: the limitation period began to run in 1984 when Andes discovered the wiretapping. Andes was aware of a cause of action against Frick at that time. She could have sued Frick under section 2520 and sought the identity of other defendants through discovery. Therefore, we find that the limitations period had run by the time Andes filed her complaint in 1988.

Andes also contends that because section 2520 was first enacted in 1986, the district court should not have applied its limitations period retroactively to the wiretapping violation she discovered in 1984. Because Andes did not raise this argument in the district court, however, we will not consider it on appeal. See Kapp v. Naturelle, Inc., 611 F.2d 703, 709 (8th Cir.1979).

2. Andes dismissed the action as against Albin,

The judgment is affirmed for the reasons set forth in the district court's opinion.

having never served process upon him.