49 F.3d 1329
 Pedro Luis SANCHEZ, Appellant,
v.
UNITED STATES of America; Janet Reno, as U.S. Attorney
General; Director of the Federal Bureau of Investigation;
Director of the Drug Enforcement Agency; Unknown/Unnamed
Defendants, # 1 and 2 as agents of the FBI; Unknown/Unnamed
Defendants, #'s 3, 4, & 5 as Agents of the DEA, Appellees.
 No. 95-1349.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 7, 1995.
Decided March 10, 1995.
Rehearing Denied April 5, 1995.
 
 Pedro Luis Sanchez, pro se.
 Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pedro Luis Sanchez appeals the district court's[1] dismissal of his action against federal agents as frivolous under 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 On January 12, 1995, Sanchez was granted in forma pauperis status to file his complaint against the United States, United States Attorney General Janet Reno, the directors of the Federal Bureau of Investigation (FBI) and the Drug Enforcement Administration (DEA), and five unknown FBI and DEA agents. Sanchez alleged that on February 10, 1989, his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated when federal agents took him into custody, interrogated him, and pushed him over a second-floor balcony.
 
 
 3
 The district court construed the complaint as asserting claims under the Federal Tort Claims Act (FTCA) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and dismissed it pursuant to section 1915(d) as lacking an arguable basis in law, concluding the court lacked jurisdiction over the FTCA claim, and the Bivens claim was time-barred.
 
 
 4
 We conclude that the district court correctly dismissed Sanchez's FTCA claim because he did not allege he presented his claim to the appropriate federal agency. See 28 U.S.C. Sec. 2675(a) (action for personal injury against United States must first be presented to appropriate federal agency); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir.1993) ("[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant"), cert. denied, --- U.S. ----, 114 S.Ct. 1049, 127 L.Ed.2d 371 (1994).
 
 
 5
 While we have not previously addressed the applicable limitations period in a Bivens action, other circuits have held that Bivens actions are governed by the same statute of limitations as 42 U.S.C. Sec. 1983 actions. See Kurinsky v. United States, 33 F.3d 594, 599 (6th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1793, 131 L.Ed.2d 721 (1995); Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968-69 (10th Cir.1994); Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir.1991); Bieneman v. City of Chicago, 864 F.2d 463, 469-70 (7th Cir.1988), cert. denied, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989); Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir.1987). This court has referred to a Bivens action as "the federal law analogous to Sec. 1983," Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1452 (8th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995), and has stated that "[a]n action under Bivens is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials," Christian v. Crawford, 907 F.2d 808, 810 (8th Cir.1990) (per curiam). Because of the similarities between section 1983 and Bivens actions, we hold, in accordance with the other circuits, that Bivens actions are governed by the same statute of limitations as section 1983 actions.
 
 
 6
 The limitations period for a section 1983 action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues. See Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). Iowa's personal injury statute of limitations, requiring claims to be brought within two years after the action accrues, has been applied to section 1983 actions. See Iowa Code Sec. 614.1(2) (1993); Wycoff v. Menke, 773 F.2d 983, 984 (8th Cir.1985), cert. denied, 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986). Applying this limitations period to this Bivens action, we find the district court correctly held that Sanchez's claim is barred because it accrued almost six years before he filed his complaint.
 
 
 7
 Accordingly, we affirm the district court's dismissal of the complaint for lack of jurisdiction.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa