53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 William Wallace WELLS, Jr., Appellant,
v.
UNITED STATES DEPARTMENT OF INTERIOR, Bureau of Indian
Affairs; Michael Smith, as former superintendent of the
Crow Creek Sioux Agency; Norman Taylor, also known as Verle
Taylor; Leon Wounded Knee, Appellees.
 No. 94-3369
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 11, 1995
Filed: May 4, 1995
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Wallace Wells, Jr., appeals from the district court's[1] grant of summary judgment in favor of the United States Department of Interior, Bureau of Indian Affairs, and three of its employees. We affirm.
 
 
 2
 Wells is a member of the Crow Creek Sioux Tribe and a resident of the Crow Creek Reservation. On or about March 2, 1988, a tribal police officer, Leon Wounded Knee, supervised by the Bureau of Indian Affairs, attempted to serve Wells with a summons and complaint issuing from a South Dakota circuit court in a divorce action initiated by Wells' spouse. Wells admits that service of the papers was attempted but states that when the officer attempted to serve him, Wells took the officer to the tribal court house where the clerk of the tribal court informed the officer that Wells had already been divorced by virtue of a prior tribal court decree. According to Wells, the officer then departed without completing service upon him. Appellant's Br., Statement of Facts, at 11-12. On March 8, 1988, the officer executed a return of service attesting that he had personally served Wells on March 2, 1988, and the return was filed in the South Dakota circuit court the next day. App. at 11. There is an indication in the record before us that Wells contested the fact of service and that on March 14, 1989, the state court found proper service to have been made and the divorce case proceeded. Tr. of Summ. J. Hr'g before Judge Jones, August 23, 1994, at 4. Wells appeared in person in state court for trial of the divorce case on June 8, 1990. App. at 9. On July 19, 1991, after the completion of a home study, the South Dakota circuit court entered a final decree of divorce awarding Wells' spouse custody of the couple's six children. In this civil rights action for damages filed June 7, 1993, Wells alleged that he was injured on July 19, 1991, the date of the final divorce decree, by the allegedly false return of service. The district court concluded that Wells did not suffer a continuing tort under state law and that this action was thus barred by the statute of limitations.
 
 
 3
 On appeal, Wells argues that South Dakota's continuing-tort doctrine should apply, because the government's acts in 1988 put into motion the continuing violation of his rights which resulted in 1991 in the actual injury-the final deprivation of the care and custody of his children.
 
 
 4
 We review de novo the district court's grant of summary judgment, Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377 (8th Cir. 1994), and interpretation of state law, Slaughter v. American Casualty Co., 37 F.3d 385, 387 (8th Cir. 1994).
 
 
 5
 We conclude the district court correctly determined that Wells did not suffer a continuing tort under South Dakota law. See Brishky v. State, 479 N.W.2d 489, 492 (S.D. 1991) (continuing tort is "something occasioned by continual unlawful acts, not continual ill effects from the original action"; no continuing tort-and thus statute of limitations not tolled-where tort occurred immediately when driver's license was suspended, and period without driver's license was merely ill effect of suspension); cf. Wells v. Billars, 391 N.W.2d 668, 671-73 (S.D. 1986) (medical professional's continuing treatment of patient prevents medical-malpractice statute of limitations from running until treatment ceases); Schoenrock v. Tappe, 419 N.W.2d 197, 200-01 (S.D. 1988) (continuous-representation doctrine applies in legal-malpractice action only if clear indicia of ongoing, continuous, dependent relationship between client and lawyer). None of the factors that indicate a continuing tort are present in this case: Wells has not shown repetition of injury, nor has he shown an ongoing and continuous relationship between himself and the tortfeasor.
 
 
 6
 Consequently, we conclude the district court also correctly determined that the applicable statute of limitations barred Wells's claim. The process server's alleged wrongful act, about which Wells admits he had actual knowledge when it happened, occurred in March 1988, and Wells filed his complaint in June 1993, over three years later. See Sanchez v. United States, No. 95-1349, 1995 WL 96804, at * 1-2 (8th Cir. Mar. 10, 1995) (per curiam) (Bivens actions governed by same statute of limitations as Sec. 1983 actions; limitations period for Sec. 1983 actions governed by state statute of limitations for personal injury actions where claim arises); S.D. Codified Laws Ann. Secs. 15-2-14(3) (action for personal injury can be commenced only within three years after cause of action accrues), 15-2-15.2 ("action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred") (1984 & Supp. 1994).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota