57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dennis KREISH, Plaintiff-Appellant,
v.
MICHIGAN BELL TELEPHONE CO., Defendant-Appellee.
 No. 94-2130.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 1
 Before: JONES and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Dennis Kreish appeals pro se from a district court judgment dismissing a civil case that he filed under the Federal Wiretap Statute, 18 U.S.C. Sec. 2520. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 Kreish alleged that the telephone company that provides service to his home violated the above-referenced statute by intercepting and disclosing his telephone conversations. The district court found that these claims were precluded by a prior decision of the Michigan Public Service Commission ("MPSC"), insofar as they arose before June 30, 1991. It also found that Kreish had not shown that a wiretap was placed on his telephone or that the defendant had acted intentionally by allowing a vacant premises drop line to interfere with his service. Thus, the district court awarded summary judgment to the defendant on September 22, 1994. It is from this judgment that Kreish now appeals. He also moves for expedited consideration of his appeal.
 
 
 4
 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant meets its initial burden "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who must go beyond the pleadings and present specific evidence which shows that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).
 
 
 5
 Kreish now argues that a vacant premises drop line may be used as a wiretap and that the district court should not have given preclusive effect to the MPSC's decision. We need not reach these arguments because a de novo review of the record indicates that summary judgment was properly awarded to the defendant for somewhat different reasons than those which were articulated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir. 1990).
 
 
 6
 To obtain civil relief under Sec. 2520, Kreish must show that the defendant violated one of the criminal provisions of the wiretap statute by the unauthorized interception, disclosure or use of his wire, oral or electronic communication. See 18 U.S.C. Sec. 2520(a). Kreish alleged that the defendant violated 18 U.S.C. Secs. 2511(a) and (c), by "intercepting" and "disclosing" his telephonic communications without authorization. In its answer, the defendant argued that these claims were barred by the applicable, two-year statute of limitations, 18 U.S.C. Sec. 2520(e).
 
 
 7
 Kreish's claim that the defendant violated Sec. 2511(1)(a) by intercepting his communications is barred by the applicable statute of limitations. The two-year period for filing these types of claims begins when there is a reasonable opportunity to discover the alleged interception. Andes v. Knox, 905 F.2d 188, 189 (8th Cir.), cert. denied, 498 U.S. 952 (1990). Kreish filed his initial complaint in September of 1993. In an amended complaint, Kreish alleged that "throughout the years beginning with November 1990 and continuing through 1993" the defendant caused continuous clicking noises, disconnections, ring backs and third party telephone connections. Moreover, Kreish now argues that he has experienced similar problems from 1985 to present. Thus, his civil claim is time-barred insofar as it is based on a violation of Sec. 2511(1)(a). See id.
 
 
 8
 Kreish's claim that the defendant violated Sec. 2511(1)(c) by intentionally disclosing the content of his conversations also fails because he has not met his burden of production under Rule 56(e). Kreish's amended complaint suggests that a violation of the disclosure prohibition is apparent because unnamed third parties were aware of his telephone conversations with others. The defendant specifically denied these allegations in its answer. It also argued that there was an absence of proof on the essential element of intent in its motion for summary judgment. Thus, the burden shifted to Kreish to present specific evidence which showed that a genuine issue of disputed fact remained regarding the defendant's intent. See Fed. R. Civ. P. 56(e); Celotex Corp., 477 U.S. at 324-25. Kreish did not submit sufficient evidence to create a jury question on the issue of whether the defendant intentionally disclosed his telephone conversations to others. Therefore, summary judgment was properly awarded to the defendant on Kreish's unauthorized disclosure claim. See Sanders v. Robert Bosch Corp., 38 F.3d 736, 742-43 (4th Cir. 1994); Forsyth v. Barr, 19 F.3d 1527, 1535-36 (5th Cir. 1994).
 
 
 9
 Kreish now argues that he intended to raise a claim under state tort law. However, we will not reach the merits of this claim because it was not effectively presented to the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 10
 Accordingly, Kreish's motion for an expedited appeal is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation