# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2921

_____

| | | |
|---|---|---|
| John E. Searcy, III, Sui Juris, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| James E. Donelson, I.R.S.; Bill Wilde, | * | Appeal from the United States |
| I.R.S.; Lee R. Monks, I.R.S.; Joyce | * | District Court for the |
| Shead, I.R.S.; Nancy Bellcock, I.R.S.; | * | Eastern District of Arkansas |
| K. J. Sawyer, I.R.S.; James E. Gamble, | * | |
| I.R.S.; Maurice Bonds Whillock, Van | * | |
| Buren County Clerk & Recorder; | * | |
| Lisa Nunley, Van Buren County | * | |
| Collector; Van Buren County, | * | |
| Arkansas; Does, all unknown others; | * | |
| United States of America, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:   February 7, 2000

Filed:   February 23, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

McMILLIAN, Circuit Judge.

John E. Searcy III appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing his claims under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) (<u>Bivens</u>), and the adverse grant of summary judgment on defendants' counterclaim. Searcy filed suit against seven current or former Internal Revenue Service (IRS) agents (federal defendants), Van Buren County, Arkansas, and two County officials (County defendants). Searcy's complaint essentially alleged due process violations relating to the IRS's seizure of his property for refusal to pay taxes from 1986-90. For reversal, Searcy argues the district court erred in finding that his claims were barred by the applicable statute of limitations, that he could not bring a <u>Bivens</u> claim against the federal defendants, and that he failed to state a conspiracy claim against the County defendants. In addition, Searcy argues that the district court erred in granting summary judgment to the federal defendants on their counterclaim and that the district court is guilty of judicial misconduct. The federal defendants have filed a motion for sanctions. For the reasons discussed below, we affirm the judgment of the district court and grant the motion for sanctions.

In dismissing Searcy's claims, the district court determined that the claims against the federal defendants in their official capacities were barred by sovereign immunity, Searcy failed to state a claim against the County defendants, and his claims were time-barred. After de novo review, we agree that Searcy failed to state a claim against the federal defendants in either their individual or official capacities. <u>See Buford v. Runyon,</u> 160 F.3d 1199, 1203 (8th Cir. 1998) (complaint against government official in official capacity is suit against United States; <u>Bivens</u> action cannot be prosecuted against United States because of sovereign immunity); <u>Vennes v. An Unknown Number of Unidentified Agents of the United States</u>, 26 F.3d 1448, 1454 (8th Cir. 1994) (taxpayer cannot bring <u>Bivens</u> action against IRS agents to challenge

_____

[1]The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas.

-2-

tax collection and assessment practices), cert. denied, 513 U.S. 1076 (1995). As to the County defendants, we also agree Searcy failed to allege a conspiracy to deprive him of a constitutional right. See Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999) (to prove § 1983 conspiracy claim, plaintiff must show defendant conspired with others to deprive him of constitutional right, at least one co-conspirator engaged in overt act in furtherance of conspiracy, and the overt act injured plaintiff; must show constitutional deprivation has occurred). In any event, we note that all of Searcy's claims appear to be time-barred. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (personal injury action in Arkansas governed by three-year statute of limitations); see also Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam) (Bivens actions governed by same statute of limitations as § 1983 actions; limitations period for § 1983 actions is same as personal injury actions in state in which claim accrues).

We further conclude the district court did not err in granting summary judgment to the federal defendants on their counterclaim. In their counterclaim, the federal defendants sought nullification of liens Searcy had filed against their personal assets and an injunction against further liens. Other than his opposition to the federal defendants' tax assessment and collection efforts, Searcy did not identify any valid basis or legal authority for filing these liens. In the absence of a valid basis for the liens, the district court had jurisdiction to protect the federal defendants from Searcy's actions. See 26 U.S.C. § 7402(a) (district court has jurisdiction to grant any judgment or decree that is necessary or appropriate to enforce internal revenue laws); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983) (per curiam) (district court had jurisdiction to find baseless common law liens filed against IRS agents null and void).

Finally, we find meritless Searcy's claim of judicial misconduct. See Hooker v. Story, 159 F.3d 1139, 1140 (8th Cir. 1998) (per curiam) (judicial rulings alone rarely provide valid basis for bias or partiality recusal motion).

Because the arguments Searcy advanced for reversal are clearly lacking in merit and are frivolous, we grant the federal defendants' motion for sanctions in the amount of $5,000. <u>See</u> 28 U.S.C. § 1912; Fed. R. App. P. 38.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.