# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1083

_____

David Q. Webb,                                  *
                                                *
          Plaintiff,                            *
                                                *
Bradley R. Ham,                                 *
                                                *
          Appellant,                            *
                                                *
     v.                                         *
                                                *
Pennington County Board of                      *   Appeal from the United States
Commissioners; Donald Holloway;                 *   District Court for the
Scott Schuft, Supervisor, Jail                  *   District of South Dakota.
Correctional Officer Staff; R. Andersen,        *
Captain, Supervisor Jail Correctional           *
Officer Staff; B. Ayteo, Sergeant,              *   [UNPUBLISHED]
Second Line Supervisor; P. Severson,            *
Sergeant, Second Line Supervisor;               *
Joe McDonald, Immediate Line                    *
Supervisor; John Matagi, Former                 *
Correctional Officer; Mr. Berwick,              *
Former Correctional Officer; Thomas             *
William Donovan, Former Correctional            *
Officer; Sid Michaels, Correctional             *
Officer; Bobbie Johnson, Correctional           *
Officer; Marc Lewis, Former                     *
Correctional Officer; C. Morgan,                *
Sergeant, Second Line Supervisor;               *
Daniel Gilson, Correctional Officer;            *
Della Folsom, Former Nurse; Trent               *
Fliginger, Programs/Correctional                *

Officer; Sheryl Jackson, Head Nurse,    *

                                *

          Appellees.              *

_____

Submitted: July 3, 2003
Filed:   December 22, 2003

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Bradley Ham was confined as a federal detainee at the Pennington County Jail in South Dakota between November 1999 and February 2000. He filed this 42 U.S.C. § 1983 action against several Pennington County Jail officials and nurses, claiming, as relevant to this appeal, that defendants had acted with deliberate indifference to his serious medical needs by denying or delaying prescribed medical treatment for his recently amputated leg. In March 2002, Ham moved to join as defendants under Federal Rule of Civil Procedure 19(a) the United States Marshals Service (USMS) and two of its supervisory employees, Chief Deputy John Whitelock and Office Supervisor Doug Ludovissie. Ham also moved for leave to amend his complaint to state a claim under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). According to Ham, the USMS, through Whitelock and Ludovissie, initially took the position that a prosthesis and other prescribed treatment was not medically necessary. Ham insisted that his claims against the federal defendants, who later relented on their position, did not absolve the nonfederal defendants of liability for treatment delays.

The district court initially granted Ham's joinder motion but then vacated its order. The court reasoned that the USMS could not be sued under <u>Bivens</u>, and that Ham's exclusive remedy against the USMS was a Federal Tort Claims Act (FTCA)

claim, which Ham could not pursue because he had not exhausted his potential administrative remedies and the two-year statutory period in which he could have done so had elapsed. Finding joinder of the USMS not feasible, and finding the USMS to be an indispensable party, the district court dismissed Ham's complaint under Federal Rule of Civil Procedure 19(b). Ham appeals, and we affirm in part and reverse in part.

The district court correctly determined that Ham could not sue the USMS under the FTCA absent administrative exhaustion, see Sanchez v. United States, 49 F.3d 1329, 1329-30 (8th Cir. 1995) (per curiam), and we agree with the court that Ham did not satisfy the exhaustion requirement by pursuing his request for treatment of his amputated leg, because he did not request a sum certain, see 28 U.S.C § 2675(b). Further, Ham offered no exceptional circumstances showing he is entitled to equitable tolling, see Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002), and a Bivens action is unavailable against the USMS, see FDIC v. Meyer, 510 U.S. 471, 473, 486 (1994).

The district court, however, failed to explain why Ham was not allowed to proceed under Bivens against Whitelock and Ludovisse, against whom the applicable limitations period had not expired at the time Ham moved for joinder, and against whom Ham had stated a viable Bivens claim. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (defendant violates Eighth Amendment by intentionally denying or delaying access to treatment for inmate's objectively serious medical need, or by intentionally interfering with inmate's prescribed treatment); Noll v. Petrovsky, 828 F.2d 461, 462 n.3 (8th Cir. 1987) (per curiam) (Supreme Court has recognized cause of action for damages against federal employees directly for Eighth Amendment violation under Bivens), cert. denied, 484 U.S. 1014 (1988); Sanchez, 49 F.3d at 1330 (Bivens action, like § 1983, is governed by state's statute of limitations for personal-injury actions); S.D. Codified Laws § 15-2-14 (Michie 2001) (personal-injury action must be brought within three years). The district court also

failed to explain--and we see no apparent reason on the record before us--why Ham could not pursue his medical claims related to the treatment of his amputated leg against only the nonfederal defendants if necessary. Ham argues these defendants had an obligation to provide him with necessary medical treatment without regard to the source of remuneration, and it would appear that these defendants could present their defenses, deny liability or wrongdoing, and not be unduly prejudiced by the absence of the USMS or the individual marshals. See Fed. R. Civ. P. 19(b).

We therefore affirm the district court's determination that Ham could not join the USMS as a defendant, but we reverse the district court's Rule 19(b) dismissal as an abuse of discretion, and remand for the district court to consider whether Ham can proceed on his deliberate-indifference claims against the individual marshals, and if not, to reconsider whether the federal defendants are indispensable. See Fed. R. Civ. P. 19(b) (factors to be considered in finding party indispensable); Spirit Lake Tribe v. North Dakota, 262 F.3d 732, 746 (8th Cir. 2001) (standard of review), cert. denied, 535 U.S. 988 (2002).

Accordingly, we affirm in part and reverse in part, and remand for further proceedings consistent with this opinion.

_____