# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1415

_____

| | | |
|---|---|---|
| Jeffrey Lane Barnes, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| United States of America; Department | * | |
| of Justice; Federal Bureau of Investi- | * | |
| gation; Grant Beise, Special Agent, | * | |
| FBI; Thomas Dunaski, Sergeant, | * | |
| St. Paul FBI Drug Task Force; John | * | |
| Culhane, Sergeant, St. Paul FBI Drug | * | Appeal from the United States |
| Task Force; Jeffrey S. Paulsen, | * | District Court for the |
| Assistant United States Attorney; | * | District of Minnesota. |
| John Tyndall, Minnesota Bureau of | * | |
| Criminal Apprehension; Discovery | * | [UNPUBLISHED] |
| Channel, a corporation; New Dominion | * | |
| Pictures, a corporation; Steven Manual, | * | |
| Executive Producer, Discovery | * | |
| Channel; Thomas Naughton, President | * | |
| New Dominion Pictures and Executive | * | |
| Producer Discovery Channel; James | * | |
| Kallstrom, Host FBI Files, Discovery | * | |
| Channel, | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: July 22, 2004
Filed: August 27, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Jeffery L. Barnes, Sr. ("Barnes") is an inmate at the federal penitentiary in Leavenworth, Kansas, where he is serving a 242-month sentence for drug-related offenses as well as two concurrent life sentences for the murder of Duon Walker and additional drug-related offenses. He has previously appealed these convictions. They have been upheld. See United States v. Jones, 101 F.3d 1263 (8th Cir. 1996); United States v. Shaw, 94 F.3d 438 (8th Cir. 1996).

On September 4, 2001, the Discovery Channel aired an episode of its television program entitled "The FBI Files," detailing the investigation and prosecution of the Walker murder case. In response, on or about July 14, 2003, Barnes filed a Complaint in federal district court for the District of Minnesota,[1] claiming that the program's references to him as "a hit-man," "an enforcer," "a gangster," "a cold-blooded killer," and "a member of a cartel," along with other statements, were defamatory, libelous, slanderous, and caused him severe emotional distress.

The Complaint named as defendants the Discovery Channel; New Dominion Pictures; Steven Manual, the executive producer at Discovery Channel; Thomas Naughton, the President of New Dominion Pictures; and James Kallstrom, the host of "The FBI Files" (collectively, "the Discovery Channel Defendants"). Also named in the Complaint were Grant Beise, an FBI Special Agent; Thomas Dunaski, a member of the FBI Task Force; John Tyndall, an agent of the Minnesota Bureau of Criminal Apprehension; and Jeffrey Paulsen, an Assistant United States Attorney. All of these Defendants moved to dismiss Barnes's Complaint.

_____

[1] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Before the district court ruled on these motions to dismiss, however, Barnes filed an Amended Complaint, completely omitting the Discovery Channel Defendants as parties to the action, and instead adding the United States of America, the Department of Justice, the Federal Bureau of Investigation, and John Culhane, an FBI sergeant (collectively "the United States Defendants"). The Amended Complaint alleged, *inter alia*, that these Defendants' unauthorized video surveillance of Barnes during the criminal investigation of the Walker murder violated the rights guaranteed to him by the Fourth Amendment. All of the Defendants named in the Amended Complaint filed a renewed motion to dismiss, which was granted on December 8, 2003.

In its Memorandum and Order, the district court characterized Barnes's claim as one brought under 42 U.S.C. § 1983, then dismissed it on the basis that, since none of the Defendants named were acting under color of state law, Barnes had failed to state a claim for which relief could be granted. Fed. R. Civ. P. 12(b)(6). The district court further reasoned that Barnes's Amended Complaint must be dismissed under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994), because it was an improper collateral attack on his criminal convictions.

Later, on December 15, 2003, the district court denied the Discovery Channel Defendants' motion to dismiss as moot, reasoning that they were dismissed from the suit by virtue of Barnes's failure to name them in his Amended Complaint. Barnes then filed a motion, pursuant to Federal Rule of Civil Procedure 60(b), asking the district court to reconsider its December 8, 2003, order of dismissal. Barnes also filed another motion to amend his Complaint. The district court denied both motions without explanation. Barnes now appeals the denial of these motions.

We first note that Barnes's Notice of Appeal does not indicate that he is appealing any issue with regard to the dismissal of the Discovery Channel Defendants from the suit. We therefore lack jurisdiction to consider whether the district court

erred in dismissing them. See Berdella v. Delo, 972 F.2d 204, 207-08 (8th Cir. 1992) (holding that the court did not have jurisdiction to consider an order not included in a *pro se* appellant's Notice of Appeal). Even if we did have jurisdiction, the district court did not err in finding that the Discovery Channel Defendants had been dismissed from the suit by virtue of their absence from Barnes's Amended Complaint. See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect.").[2]

Next, we hold that the district court did not abuse its discretion in denying Barnes's Rule 60(b) motion for reconsideration. See Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (standard of review). We agree with the district court that it is difficult to understand Barnes's Amended Complaint. Barnes argues on appeal that the district court's characterization of his Amended Complaint as stating a claim under § 1983 was error. However, the Amended Complaint specifically states that he is suing Tyndall, Paulsen, Beise, Dunaski, and Culhane pursuant to § 1983. Accordingly, we affirm the district court's characterization of Barnes's Amended Complaint as a § 1983 claim and the district court's conclusion that the Amended

---

[2] We would be more inclined to forgive the numerous errors in Barnes's *pro se* court filings if we could identify any meritorious claims. We agree with the Discovery Channel Defendants, however, that even were we to consider Barnes's original Complaint, that Complaint fails to state a claim of defamation, slander, libel, or intentional infliction of emotional distress. See Iowa Network Servs., Inc. v. Qwest Corp., 363 F.3d 683, 694 (8th Cir. 2004) (standard of review).

Complaint failed to state a claim.[3]  Barnes has not shown any other circumstances to indicate that the dismissal of his Amended Complaint was unwarranted.[4]

Likewise, the district court did not abuse its discretion in denying Barnes leave to amend his Complaint once again, see Doe ex rel. Doe v. Sch. Dist. of City of Norfolk, 340 F.3d 605, 615-16 (8th Cir. 2003) (standard of review), especially since the motion to amend was filed after Barnes's Amended Complaint was dismissed. See id.  We have reviewed Barnes's other claims and find them to be without merit.

Accordingly, the judgment of the district court is AFFIRMED.  Barnes's motion to supplement the record is denied.

——————————————————

[3]While we affirm on the grounds stated, we disagree with the district court's alternative basis for dismissal under Heck.  A finding that the Defendants' surveillance was unconstitutional would not necessarily have implied that Barnes's convictions were unlawful.  See Heck, 512 U.S. at 487 n.7; Moore v. Sims, 200 F.3d 1170, 1171-72 (8th Cir. 2000).

[4]We agree with the United States Defendants that even if Barnes's Amended Complaint had been better characterized as a Bivens claim, see Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or a claim under the federal wiretap statute, 18 U.S.C. § 2510 et seq., these claims would have been barred by the applicable statute of limitations.  See Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995) (discussing applicable limitations period in a Bivens action); Andes v. Knox, 905 F.2d 188, 189 (8th Cir. 1990) (holding that the two-year statute of limitations period under 18 U.S.C. § 2520 begins to run when a party first discovers wiretapping).  Likewise, Barnes's attempts to state a claim under the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1801-1811, necessarily fail, given that this case involves a domestic criminal investigation.  See United States v. Panas, 738 F.2d 278, 286 (8th Cir.  1984).