# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1270

_____

Bradley R. Ham,             *

   Appellant,           *

    v.               *   Appeal from the United States
              *   District Court for the
Pennington County Board of    *   District of South Dakota.
Commissioners; Donald Holloway,   *
Sheriff of Pennington County; Scott   *
Schuft, Jail Administrator; Sheryl   *   [UNPUBLISHED]
Jackson, Head Nurse of Jackson   *
Nursing Service,       *
              *
   Appellees.       *

_____

Submitted: December 23, 2005
Filed: December 30, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Bradley Ham, whose leg was amputated below the knee shortly before he arrived at South Dakota's Pennington County Jail in November 1999, filed a 42 U.S.C. § 1983 action for damages against the Pennington County Board of Commissioners, Sheriff Donald Holloway, Jail Administrator Scott Schuft, and Nurse Sheryl Jackson of Jackson Nursing Service. Following this court's remand in <u>Webb</u>

v. Pennington County Bd. of Comm'rs, 92 Fed. Appx. 364 (8th Cir. Dec. 22, 2003) (unpublished per curiam), the district court[1] granted summary judgment in favor of defendants on Ham's claims of deliberate indifference to his serious medical needs, and he appeals.

Having reviewed the record de novo and in a light most favorable to Ham, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000), and viewing Ham's claims under the Fourteenth Amendment, see Hartsfield v. Colburn, 371 F.3d 454, 456-57 (8th Cir. 2004), we agree with the district court that Ham did not establish liability on the part of the named defendants. Although Ham presented evidence that his condition worsened as a result of treatment delays, he did not allege an unconstitutional policy, and he did not present evidence establishing an unconstitutional custom, or pervasive misconduct, sufficient to hold the Pennington County Board of Commissioners liable. Cf. Anderson v. Franklin County, 192 F.3d 1125, 1131-32 (8th Cir. 1999) (county may not be held liable on respondeat-superior theory under § 1983 for injury inflicted solely by its employees, unless injury resulted from execution of county policy or custom or known inadequacies in training procedures); Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 905 (8th Cir. 1999) (official-capacity claims against police board members must be treated as claims against municipality; § 1983 municipal liability requires proof of constitutional violation pursuant to official policy or misconduct so pervasive among employees as to constitute custom or usage), cert. denied, 528 U.S. 1157 (2000).

In addition, Ham's official-capacity claims against Holloway and Schuft are redundant to the claim against Pennington County. See Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) (if complaint does not specifically name public official in individual capacity, it is presumed he is sued only

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

in official capacity). Even if we assume Ham named Holloway and Schuft in their individual capacities, he did not offer evidence of their or Jackson's personal involvement in any decision to deny or delay his medical treatment. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (defendant violates Eighth Amendment by intentionally denying or delaying access to treatment for inmate's objectively serious medical need, or by intentionally interfering with inmate's prescribed treatment); cf. Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (discussing requirements for supervisory liability under § 1983; prison medical-treatment director who lacks medical expertise cannot be liable for treating staff's diagnostic decisions, and prison officials cannot substitute their judgment for medical professional's prescription); McDowell v. Jones, 990 F.2d 433, 435 (8th Cir. 1993) (supervisor-liability standard). Accordingly, we affirm the judgment of the district court.

_____