# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3903

_____

United States of America,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　　　*　District Court for the
　　　v.　　　　　　　　　　　　　　　*　District of Minnesota.
　　　　　　　　　　　　　　　　　　　*
Robert Lee Bailey, also known as Rell,　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　　 *

_____

Submitted: June 20, 2010
Filed: January 13, 2011

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Bailey appeals the district court's denial in part of his Federal Rule of Criminal Procedure 41(g) motion for the return of property. We review the district court's legal conclusions de novo and its findings of fact for clear error. See Jackson v. United States, 526 F.3d 394, 396-97 (8th Cir. 2008). For the following reasons, we affirm in part and reverse in part.

The Minneapolis Police Department executed a search warrant and seized property from Bailey's home and cars, some of which it turned over to the federal government. We agree with the district court that Bailey is not entitled to the return of (i) items he did not prove belonged to him or were seized from him; (ii) items –

identified in Part B.2. of the district court's Opinion and Order – that were used to facilitate Bailey's federal crimes and thus are derivative contraband, see United States v. Felici, 208 F.3d 667, 670-71 (8th Cir. 2000); and (iii) items never possessed by the federal government, other than non-contraband items that were in the federal government's constructive possession when used as evidence in Bailey's federal prosecution, see Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999),

We conclude, however, that the district court clearly erred in its determination that the government had returned $2,036 in United States currency that it once possessed to state custody, because the court received no evidence to support this factual finding. See Fed. R. Crim. P. 41(g) (district court must receive evidence on any factual issue necessary to decide motion). When the government asserts that it no longer possesses property whose return is sought under Rule 41(g), the district court must determine whether the government retains the property, and if the court finds the government no longer possesses the property, then it must determine what happened to the property. See United States v. Chambers, 192 F.3d 374, 378 (3d Cir. 1999). The government asserted that it had returned the currency to state custody; however, it proffered no evidence to support this assertion. The only evidence the court received regarding the currency was an affidavit by an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who merely stated that the government no longer possessed the currency, without stating its current possessor. Cf. United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007) (reversing district court's determination that government did not possess property sought under Rule 41(g) because court received no evidence regarding government's possession of property; arguments in government brief, unsupported by documentary evidence, are not evidence). Under these circumstances, the district court should have conducted an evidentiary hearing to determine the current possessor of the currency and whether Bailey is entitled to its return. See United States v. Albinson, 356 F.3d 278, 282 (3d Cir. 2004) (government's unsubstantiated assertion that it no longer possesses property at issue is insufficient basis to refuse to hold evidentiary hearing; Rule 41(g) requires

court hold hearing on any disputed issue of fact necessary to resolve motion, which may include determining what happened to seized property); United States v. Burton, 167 F.3d 410, 410-11 (8th Cir. 1999) (reversing and remanding where district court improperly denied Rule 41(e) (now 41(g)) motion without receiving evidence to determine who had custody of subject property); but see Diaz v. United States, 517 F.3d 608, 612-13 (2d Cir. 2008) (indicating the doctrine of sovereign immunity may bar what would essentially be an award of damages to compensate for lost currency).

We also find the district court erred in denying the return of a blue cell phone, wallet, and "Promotion Piece" from a musician that also were seized from Bailey. The government acknowledged having once possessed these items in its response to Bailey's motion, but also apparently asserted (again without evidentiary support) that it no longer possesses these items. Because the government acknowledged once having had actual possession of these items, Bailey is entitled to seek their return under Rule 41(g), see Clymore, 164 F.3d at 571, and the district court erred in not receiving evidence as to their current possessor, see Albinson, 356 F.3d at 282. Again, the circumstances warranted an evidentiary hearing to determine who possesses the blue cell phone, wallet, and "Promotion Piece," and whether Bailey is entitled to their return. Burton, 167 F.3d at 410-11.

Accordingly, we affirm the district court's denial of Bailey's motion except as to the currency, blue cell phone, wallet, and "Promotion Piece." We reverse the denial of Bailey's motion as to these items, and we remand to the district court to conduct an evidentiary hearing to determine what happened to these items of property.

_____