# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1192

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Lee Bailey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 17, 2012
Filed: November 30, 2012

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Minneapolis police arrested Robert Lee Bailey in 2003 and seized several items of his property. After his conviction and the disposition of his appeals, Bailey moved under Rule 41 of the Federal Rules of Criminal Procedure to have his property returned. The district court denied the motion. We reversed and remanded for an evidentiary hearing. See United States v. Bailey, 407 F. App'x 74, 76 (8th Cir. 2011) (per curiam) (unpublished). On remand the district court denied Bailey's request to

subpoena a witness and declined to convert his motion into a civil action for damages. Bailey appeals. We affirm in part and reverse in part.

Bailey was arrested on prostitution related charges in 2003 by Minneapolis detective Andrew Schmidt. Several items of Bailey's property were seized under a search warrant issued by a Minnesota state court. That property included a wallet, a cell phone, and over $2,000 in cash. The items were inventoried and checked into storage by the property and evidence unit of the Minneapolis police department.

Bailey was brought to trial on federal charges in 2004. A few days before the trial began, Detective Schmidt and another Minneapolis police officer, Darren Blauert, retrieved Bailey's property from police storage and took it to the United States Attorney's office. The cash was received as an exhibit during Detective Schmidt's testimony, but neither the wallet nor the cell phone were entered into evidence. The jury convicted Bailey of two counts of transporting a person across state lines for the purpose of engaging in prostitution and one count of possessing a firearm as a convicted felon. As a result of his convictions several items of Bailey's property were subject to forfeiture, but the wallet, cell phone, and cash were not. It is not clear from the record what happened to Bailey's property after the conclusion of his federal trial.

After Bailey's conviction was upheld on appeal, he filed a motion for the return of his property under Rule 41 of the Federal Rules of Criminal Procedure. Rule 41 provides that a person "aggrieved by an unlawful search and seizure" or "deprivation of property" may seek the return of the property by filing a motion in the district where the property was seized. Fed. R. Crim. P. 41(g). The court must receive evidence on "any factual issue necessary to decide the motion," and if it grants the motion it must order the government to return the property. Id.

The district court denied Bailey's motion after the government objected that Bailey had not yet exhausted his post conviction remedies. Bailey then renewed his motion after his final claim for post conviction relief had been denied. The district court again denied the motion, citing the government's statement that the property had been returned to the Minneapolis police department. This court reversed and remanded, concluding that Rule 41 required the district court to hold an evidentiary hearing "to determine the current possessor of the [property] and whether Bailey is entitled to its return." Bailey, 407 F. App'x at 75.

On remand Bailey asked the district court to subpoena Erica MacDonald, who had been the lead prosecutor at his federal trial but had since been appointed a Minnesota state judge. The district court concluded that MacDonald would have judicial immunity and declined to issue a subpoena. Judge MacDonald nevertheless submitted a letter stating that she had no information about the property because she had not handled it during trial and had been absent during its later disposition.

At the evidentiary hearing the court heard testimony from Assistant U.S. Attorney Chris Wilton, David Nygren, an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and Detective Schmidt. Wilton testified that he, Schmidt, and Nygren had removed several of the exhibits from the courtroom after the trial was completed. Wilton testified that except for the cash the exhibits were stored in the U.S. Attorney's office for a few days until they could be retrieved by the Minneapolis police. According to both Wilton and Nygren, Schmidt took the cash on the day the trial concluded to return it to the Minneapolis property room. While Schmidt testified that he did not remember taking the money from the federal courthouse, records from the police property and evidence unit do not show that the money, the wallet, or the cell phone were ever returned to its custody. The court also heard testimony from the supervisor of the Minneapolis police property and evidence unit, who explained that a search of all Minneapolis police storage facilities had been undertaken and the property appeared not to have been returned.

At the conclusion of the hearing, the government moved to dismiss Bailey's motion, arguing that it could not be forced to return property it did not possess. Bailey argued that the court should allow him to convert his Rule 41 motion into a damage action against the United States. The district court decided however that it had "completed [its] assigned responsibility by the remand" from the court of appeals and dismissed the action.

Bailey first challenges the district court's decision not to subpoena Judge MacDonald. We review the district court's decision whether to issue a subpoena for abuse of discretion. United States v. Mabie, 663 F.3d 322, 329 (8th Cir. 2011). Since Judge MacDonald voluntarily wrote to the district court and confirmed that she had not handled the evidence before or during trial and had been absent after trial when the property was lost, we need not address any issue of judicial immunity or whether the district court abused its discretion by not issuing a subpoena.[1]

Bailey next argues that the district court erred in denying his motion to convert the Rule 41 proceeding into a civil action for damages. In such proceedings the district court's findings of fact are reviewed for clear error and its legal conclusions de novo. Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008). We have not previously had occasion to determine the appropriate standard of review for the denial of a motion to convert, but such a motion is analogous to a motion for leave to amend the pleadings. Cf. Fed. R. Civ. P. 15(a)(2). We therefore review the district court's denial of Bailey's motion for an abuse of discretion. See Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 755 (8th Cir. 2006). We have previously considered whether compensatory damages are available under Rule 41 when the government has lost or destroyed a defendant's property. See United States v. Hall, 269 F.3d 940

---

[1]Bailey notes Agent Nygren's testimony that he spoke with Erica MacDonald after the trial about the lost property, but whether he might seek more information on that subject in the future is not presently before the court.

(8th Cir. 2001). In <u>Hall</u>, the federal government had improperly disposed of a pickup truck and a waterbed which had been seized from the defendant. <u>Id.</u> at 941. Since the property could no longer be returned, the district court granted damages equal to the fair market value of the items. <u>Id.</u> Although such an award was not authorized under Rule 41 itself, "the court should grant the movant . . . an opportunity to assert an alternative claim" under a statute which authorizes money damages against the government. <u>Id.</u> at 943.

Here, the district court concluded that Bailey's property appeared no longer to be in the government's possession and that its current whereabouts "remain[ed] a mystery." It denied Bailey's motion to convert his Rule 41 motion into a civil claim for damages, stating without further explanation that "leave to amend would be futile under the circumstances" and that "[a] civil action would have to be brought separately." It then denied Bailey's Rule 41 motion and dismissed the case.

We conclude that the district court abused its discretion in denying Bailey's motion to convert the Rule 41 action into a civil claim for damages. When a court determines that the government no longer possesses the property whose return is sought, it "should grant the movant . . . an opportunity to assert an alternative claim for money damages." <u>Hall</u>, 269 F.3d at 943. The district court failed to grant Bailey that opportunity when it dismissed his Rule 41 motion and required him to initiate a separate damages action. Under <u>Hall</u>, Bailey should have been allowed an opportunity to convert his Rule 41 motion into an action for damages against the United States.

This conclusion is supported by the fact that the statute of limitations might well bar Bailey from bringing a separate action. The statute of limitations on claims under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), is six years in Minnesota. Minn. Stat. § 541.05, subd. 1(10); <u>see</u> <u>Sanchez v. United States</u>, 49 F.3d 1329, 1330 (8th Cir.

1995) (per curiam). Bailey's property was seized nine years ago. When asked at oral argument whether equitable tolling would apply to Bailey's claim, the government did not concede that it would. Since the damages claim arises "out of the same conduct, transaction, or occurrence" as Bailey's original Rule 41 motion, it relates back to the original filing date of his motion. Peña v. United States, 157 F.3d 984, 987 & n.3 (5th Cir. 1998) (citing Fed. R. Civ. P. 15(c)(2)).

The district court assumed that Bailey's motion to convert "would be futile under the circumstances." Where property cannot be returned because it has been lost, however, a court may properly "resolve issues of fact that may help to determine whether . . . an alternative claim is cognizable." Hall, 269 F.3d at 943. Under Rule 41 the United States is responsible for property that is considered as evidence in a federal trial even if it is in the actual possession of state officials. Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999).

For these reasons we reverse the ruling of the district court denying Bailey's motion to convert his Rule 41 motion into an action for damages against the United States and remand for further proceedings consistent with this opinion.

_____