# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3576

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Lee Bailey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 8, 2014
Filed: December 29, 2014

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Appellant Robert Lee Bailey settled a damages claim for lost property with the United States government. He later moved the district court to vacate his settlement agreement with the United States, arguing that the government had breached the

contract by administratively offsetting the settlement proceeds against his preexisting child support obligation. The district court[1] denied his motion to vacate. We affirm.

The United States had tried Bailey for prostitution related charges in 2004. During the trial, Minneapolis police officers took exhibits overnight to a locked storage facility in the Minneapolis police department. Bailey was convicted and sentenced. Some items not subject to forfeiture that had been seized from Bailey and later brought to the department during the trial included $2,036 in cash, a wallet, and a cell phone. Years later, as Bailey's prison term neared completion, he moved the district court for return of this property, but the government could not locate it. The district court denied Bailey's motion.

This court reversed and remanded for an evidentiary hearing to determine who last had had custody of the property. United States v. Bailey, 407 Fed. Appx. 74, 75 (8th Cir. 2011). The evidence at the hearing suggested that the property went missing following its use at trial. Two federal witnesses testified that after the trial Minneapolis police took the cash to return it to their locked police property room, but the items were not found by police officers in the ensuing search of the room.

Bailey moved the district court to convert his motion for return of property under Federal Rule of Criminal Procedure 41 into an action for damages against the United States; his motion was denied. Our court reversed and remanded so that Bailey could pursue a damages action. United States v. Bailey, 700 F.3d 1149, 1153 (8th Cir. 2012). Following remand the government and Bailey entered into a settlement agreement, and the government agreed to pay Bailey $2,500 as compensation for the lost property. A settlement agreement was executed on

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Arthur J. Boylan, then Chief United States Magistrate Judge for the District of Minnesota.

February 5, 2013. It provided that the payment would "be made by a check drawn on the Treasury of the United States . . . made payable to Robert Bailey" and would be mailed to the address of his lawyer.

As it turned out, Bailey had an outstanding child support obligation in the state of Illinois. On September 28, 2012, the Illinois Department of Healthcare and Family Services mailed Bailey a notice informing him that he owed past due support in the amount of $45,956.48. The notice announced the state's "intent to collect this amount through the federal administrative offset process and by withholding . . . [tax refunds] or other federal or state payment(s)." The notice cited 31 U.S.C. § 3716, the statute governing the administrative offset process, and indicated that under the process "certain federal payments which might otherwise be paid to you will be intercepted for payment of current and past due support." The notice also advised Bailey of his rights, such as his ability to have the debt redetermined.

On April 17, 2013, Bailey filed a motion to vacate his settlement agreement with the United States Attorney's Office. He complained that he had not received the settlement check. The government responded that the United States Attorney had requested the United States Treasury to issue the check and was advised that the $2,500 had been administratively offset against Bailey's child support obligation. See 31 U.S.C. § 3716. Bailey's child support debt of $45,956.48 was thus reduced to $43,456.48 by the payment. The district court denied the motion to vacate the settlement agreement. Bailey now appeals.

Bailey first argues that the government breached the settlement agreement by not mailing him a check as specified in the agreement. Our review of the district court's interpretation of a settlement agreement is de novo. Gilbert v. Monsanto Co., 216 F.3d 695, 700 (8th Cir. 2000). We apply "general rules of contract construction." Id. (internal quotation marks omitted). The district court concluded that the government had substantially performed under the contract and noted that Bailey

received a benefit of $2,500 for his child support debt. Technical noncompliance with a contract is excused under the doctrine of substantial performance if it results in an immaterial breach and the other party receives substantially what it bargained for. 15 Williston on Contracts § 44:52 (4th ed.).

We conclude that the government did not breach Bailey's settlement agreement. The application of the funds to his child support obligation resulted in a $2,500 financial benefit to him, albeit not the one he seeks in this appeal. Since Bailey had been given notice before entering into his settlement that any federal payments he received were subject to offset, he received what he bargained for under the contract.

Bailey also challenges the government's statutory authority to offset the proceeds of his settlement against his child support debt. First, he claims that 31 U.S.C. § 3716 does not apply to currency seized by the government, citing In re Return of Seized Property, No. 11-cv-1091 BTM (RBB), 2011 WL 3759702, at *2 (S.D. Cal. Aug. 23, 2011). This argument is without merit since Bailey now seeks payment of a settlement amount and not the seized lost currency. Finally, he claims that the federal government was required to attempt to collect from Bailey on the state child support claim before offsetting it under 31 U.S.C. §§ 3716(a), (h)(1). This issue was not raised in the district court, and we decline to address it here. See Aaron v. Target Corp., 357 F.3d 768, 779 (8th Cir. 2004)

The order of the district court is affirmed.

_____