# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3505

_____

Jovica Petrovic

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 28, 2018
Filed: June 7, 2018
[Unpublished]

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

In 2015, we remanded to the District Court Jovica Petrovic's claim under Rule 41(g) of the Federal Rules of Criminal Procedure for return of seized property. Once again, he is appealing the denial of his motion. And once again, we remand for further proceedings.

Initially, we construe the District Court's October 2016 opinion, memorandum, and order as converting Petrovic's Rule 41(g) motion into an action for damages only to the extent Petrovic sought return of property that was no longer in the government's possession, thus effectively creating two separate actions: an action for damages regarding the property no longer in the government's possession and a Rule 41(g) action regarding the property the government still possesses. See United States v. Bailey, 700 F.3d 1149, 1152–53 (8th Cir. 2012) (explaining that when a court determines that the government no longer possesses property sought to be returned through a Rule 41 motion, the court should allow the movant to convert the motion into an action for damages).

We conclude that it was improper for the District Court to deny relief based on the doctrine of res judicata or claim preclusion in resolving Petrovic's Rule 41(g) motion. See In re Anderberg-Lund Printing Co., 109 F.3d 1343, 1346 (8th Cir. 1997) ("[T]he party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect."). We remand the case with instructions to address Petrovic's Rule 41(g) claim regarding the property still in the government's possession.[1]

--------------------------------

[1] Petrovic's converted action for damages remains pending in the District Court. See Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 476 (8th Cir. 1990) (explaining why it may be preferable to have a district court address an issue in the first instance).