# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2135

_____

United States of America

*Plaintiff - Appellee*

v.

Sedrick Reed

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 25, 2019
Filed: November 1, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Federal inmate Sedrick Reed appeals the district court's denial of his pro se motion for return of property under Federal Rule of Criminal Procedure 41(g). Following a careful review, we conclude that the district court correctly denied the motion as to items that were forfeited as part of Reed's criminal sentence. See Jackson v. United States, 526 F.3d 394, 398 (8th Cir. 2008) (after denial of Rule

41(g) motion, this court reviews district court's legal conclusions de novo and factual findings for clear error); see also Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) (criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all).

We conclude, however, that as to items which were not forfeited but were no longer in the government's possession, the district court should have afforded Reed an opportunity to assert an alternative claim for damages. See United States v. Hall, 268 F.3d 940, 943 (8th Cir. 2001) (addressing Rule 41(g) predecessor, Rule 41(e); sovereign immunity bars money damages for destroyed property under Rule 41(e) but proceeding is not moot; "when a district court conducting a Rule 41(e) proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant . . . an opportunity to assert an alternative claim for money damages" such as under the Tucker Act or Federal Tort Claims Act); cf. United States v, Bailey, 700 F.3d 1149, 1152-53 (8th Cir. 2012) (reversing and remanding denial of motion to convert Rule 41(g) motion into an action for damages where items sought were no longer in the government's possession; finding that district court abused its discretion by dismissing Rule 41(g) motion and requiring movant to initiate a separate damages action). Accordingly, we affirm in part, reverse in part, and remand for further proceedings as to the items not covered by the forfeiture.

_____